James D. Gilson (5472)
james.gilson@dentons.com
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000

Andrew V. Wright (11071)
andy.wright@dentons.com
David B. Nielson (16531)
david.nielson@dentons.com
**DENTONS DURHAM JONES PINEGAR P.C.**
3301 N. Thanksgiving Way, Ste 400
Lehi, UT 84043
Telephone: (801) 375-6600

*Attorneys for Defendant Colliers International*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT,<br><br>Plaintiff,<br><br>V.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **ANSWER OF COLLIERS INTERNATIONAL**<br><br>Civil No. 2:23-cv-00936<br><br>Magistrate Judge Daphne A. Oberg |

COMES NOW Defendant Colliers International ("Colliers") who submits this Answer,

including Defenses, to Plaintiff's Complaint.

## **FIRST DEFENSE**

The Complaint fails to state a claim against Colliers upon which relief can be granted.

## SECOND DEFENSE

Answering the specific sections and numbered allegations in Plaintiff's Complaint on a paragraph by paragraph basis, Colliers admits, denies, and alleges as follows:

### PARTIES

**Defendants**

1. Admit

2. Admit

3. Deny

4. Admit

5. Admit

6. Admit

7. Deny as stated.

8. Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

9. Deny

10. Admit

11. Deny

12. Admit

13. Admit

14. Admit

15. Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

16. Deny

17.    Admit.

18.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

19.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

20.    Deny

21.    Deny

22.    Admit

23.    Deny

24.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

25.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

26.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

27.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**<u>Plaintiff</u>**

28.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

29.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**Jurisdiction and Venue**

## JURISDICTION AND VENUE

30.     Colliers admits that this Court has jurisdiction and denies the remaining allegations.

31.     Colliers admits that this Court has jurisdiction and denies the remaining allegations.

32.     Admit

33.     Deny

## THE [ALLEGED] MILLCREEK/COLLIERS TIC PROGRAM

**[Alleged] Overview of the Millcreek/Colliers TIC Program**

34.     Deny

35.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

36.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

37.     Deny

38.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

39.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

40.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

41.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

42.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

43.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

44.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

45.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

46.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

47.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

48.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

49.    Deny

50.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

51.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

52.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore

denies this allegation.

    53.    Deny

    54.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

    55.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

    56.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

    57.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

    58.    Deny

**[Allegations That] The Millcreek/Colliers Parties Jointly Target Retirement Investors**

    59.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

    60.    Admit

    61.    Admit

    62.    Admit

    63.    Admit

    64.    Admit

    65.    Deny as stated.

    66.    Deny as stated.

    67.    Deny as stated.

68.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

69.     Deny

70.     Deny

71.     Deny

72.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

73.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

74.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

75.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

76.     Deny

77.     Deny

78.     Deny as stated

79.     Deny as stated

80.     Deny as stated

81.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

82.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

83.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

84.     Deny

85.     Deny

86.     Deny

87.     Deny

88.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

89.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

90.     Deny

91.     Deny

92.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

93.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

94.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

95.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**The [Alleged] Advisor Parties' Role in the Millcreek/Colliers TIC Program**

96.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore

denies this allegation.

97.    Deny

98.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

99.    Deny

100.    Deny

101.    Deny

102.    Deny

**The [Alleged] Millcreek/Colliers TIC Program Sales Pitch**

103.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

104.    Deny

105.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

106.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

107.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

108.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

109.    Deny

110.    Deny

111.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

112.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

113.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

114.    Deny

115.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

116.    Deny

117.    Deny

118.    Deny

119.    Deny

120.    Deny

121.    Deny

122.    Deny

123.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

124.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

125.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

126.    Deny

127.    Deny

128.    Deny

129.    Deny

130.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

131.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

132.    Deny

133.    Deny

134.    Deny

135.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**The [Alleged] Developer Parties' Role**

136.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

137.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

138.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

139.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

140.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

141.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

142.     Deny

143.     Deny

144.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

145.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

146.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

147.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

148.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

149.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

## [Alleged] MISREPRESENTATIONS AND OMISSIONS

### [Alleged] Misrepresentations and Omissions to All Plaintiff

150.     Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

151. Deny

152. Deny

153. Deny

154. Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

155. Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[Alleged] Misrepresentations in Marketing Materials to Plaintiff**

156. Deny

157. Deny

158. Deny

159. Deny

160. Deny

161. Deny

162. Deny

163. Deny

164. Deny

165. Deny

166. Deny

167. Deny

168. Deny

169. Deny

170. Deny

171. Deny

172. Deny

173. Deny

174. Deny

175. Deny

176. Deny

177. Deny

178. Deny

179. Deny

180. Deny

**[Alleged] Omissions of Material Fact to Plaintiff**

181. Deny

182. Deny

183. Deny

184. Deny

185. Deny

186. Deny

187. Deny

188. Deny

189. Deny

190. Deny

191.  Deny

192.  Deny

193.  Deny

194.  Deny

195.  Deny

## [Alleged] Misrepresentations and Omissions Regarding the Naperville Property

196.  Deny

197.  Deny

198.  Deny

199.  Deny

200.  Deny

201.  Deny

202.  Deny

203.  Deny

204.  Deny

205.  Deny

206.  Deny

207.  Deny

208.  Deny

209.  Deny

210.  Deny

211.  Deny

212.    Deny

213.    Deny

214.    Deny

215.    Deny

216.    Deny

217.    Deny

218.    Deny

219.    Deny

220.    Deny

221.    Deny

222.    Deny

223.    Deny

224.    Deny

225.    Deny

226.    Deny

227.    Deny

**[ALLEGED] PLAINTIFF INVESTED IN THE MILLCREEK TIC PROGRAM**

228.    Deny

229.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[Alleged] Commissions**

230.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore

denies this allegation.

231.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[Alleged] Plaintiff's Final Ownership Percentages and Total Investments**

232.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[ALLEGED] FAILURE OF THE NAPERVILLE INVESTMENT**

**[Alleged] The Tenant Defaults, the Guaranty and the Bond Fail**

233.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

234.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

235.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

236.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

237.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

238.    Deny

239.    Deny

240.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

241.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

242.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

243.    Deny

244.    Deny

245.    Deny

246.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

247.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

248.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[Alleged] Plaintiff Discovers the Naperville Property Value is Overinflated**

249.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

250.    Deny

251.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

252.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

253.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore

denies this allegation and each of its subparts.

254.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation and each of its subparts.

255.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation and each of its subparts.

**[Alleged] Plaintiff Discovers the Naperville Lease Rate is Overinflated**

256.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

257.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

258.    Deny

259.    Deny

260.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

261.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

262.    Deny

263.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**[Alleged] Plaintiff Discovers the Naperville Investment Included the Purchase of Expensive Personal Property for the New Tenant**

264.    Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

265.   Deny.

266.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

267.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

268.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

269.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

270.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

271.   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

**272.**   Colliers lacks sufficient knowledge or information to admit or deny, and therefore denies this allegation.

## FIRST CAUSE OF ACTION

### *([Alleged] Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 Thereunder Against All Defendants)*

273.   Deny

274.   Deny

275.   Deny

276.   Deny

277.   Deny

278.   Deny

279.   Deny

280.   Deny

281.   Deny

282.   Deny

283.   Deny

284.   Deny

285.   Deny

286.   Deny

287.   Deny

288.   Deny

289.   Deny

290.   Deny

**SECOND CAUSE OF ACTION**
***([Alleged] Sale of Unregistered Securities Against All Defendants)***

291.   Deny

292.   Deny

293.   Deny

294.   Deny

295.   Deny

296.   Deny

297.   Deny

## THIRD CAUSE OF ACTION
### *([Alleged] Control Person Liability Under the Securities Exchange Act Against Long/Rutherford/Bell/McDougal/Taylor/Weber)*

298.   Deny

299.   Deny

300.   Deny

301.   Deny

302.   Deny

303.   Deny

304.   Deny

305.   Deny

306.   Deny

307.   Deny

308.   Deny

309.   Deny

## FOURTH CAUSE OF ACTION
### *([Alleged] State Law Securities Fraud Against All Defendants)*

310.   Deny

311.   Deny

312.   Deny

313.   Deny

314.   Deny

315.   Deny

316.   Deny

317.    Deny

## FIFTH CAUSE OF ACTION
### ([Alleged] State Law Securities Violation/Sale by Unlicensed Broker or Investment Adviser Against All Defendants)

318.    Deny

319.    Deny

320.    Deny

321.    Deny

322.    Deny

323.    Deny

## SIXTH CAUSE OF ACTION
### ([Alleged] Materially Aiding State-Law Securities Fraud Against Long/Rutherford/Bell/McDougal/Taylor/Weber)

324.    Deny

325.    Deny

326.    Deny

327.    Deny

328.    Deny

329.    Deny

330.    Deny

331.    Deny

332.    Deny

## SEVENTH CAUSE OF ACTION
### ([Alleged] Common Law Fraud Against All Defendants)

333.    Deny

334.   Deny

335.   Deny

336.   Deny

337.   Deny

338.   Deny

339.   Deny

340.   Deny

**EIGHTH CAUSE OF ACTION**
*([Alleged] Negligent Misrepresentation Against All Defendants)*

341.   Deny

342.   Deny

343.   Deny

344.   Deny

345.   Deny

346.   Deny

347.   Deny

348.   Deny

349.   Deny

350.   Deny

351.   Deny

352.   Deny

## NINTH CAUSE OF ACTION
### *([Alleged] Breach of Fiduciary Duty Against All Defendants)*

353.   Deny

354.   Deny

355.   Deny

356.   Deny

357.   Deny

358.   Deny

359.   Deny

360.   Deny

361.   Deny

362.   Deny

363.   Deny

364.   Deny

365.   Deny

366.   Deny

## TENTH CAUSE OF ACTION
### *([Alleged] Conspiracy to Engage in Tortious Conduct Against All Defendants*

367.   Deny

368.   Deny

369.   Deny

370.   Deny

371.   Deny

372.    Deny

373.    Deny

## ELEVENTH CAUSE OF ACTION
### *([Alleged] Aiding and Abetting Tortious Conduct Against All Defendants)*

374.    Deny

375.    Deny

376.    Deny

377.    Deny

378.    Deny

379.    Deny

380.    Deny

381.    Deny

382.    Deny

## TWELFTH CAUSE OF ACTION
### *([Alleged]* Unjust Enrichment of Defendants – All Defendants)

383.    Deny

384.    Deny

385.    Deny

386.    Deny

387.    Deny

388.    Deny

389.    Deny

**[PLAINTIFF'S] DEMAND FOR RELIEF**

Colliers denies that Plaintiff should receive any of the relief requested in her Demand for Relief.

**THIRD DEFENSE**

Colliers denies each and every allegation in the Complaint not expressly admitted herein.

**FOURTH DEFENSE**

Plaintiff's claims are or may be barred by reason of Plaintiff's unclean hands, bad faith, wrongful conduct, or Plaintiff's failure to do equity.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Colliers complied with relevant rules, statutes, and other controlling law.

**SIXTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, for failure to reasonably mitigate, minimize, or avoid damages, if any.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff's damages, if any, are the result of Plaintiff's own actions and/or omissions, and/or the actions and/or omissions of third parties over whom Colliers had no right of control and/or conditions or circumstances over which Colliers had no control.

## EIGHTH DEFENSE

Plaintiff's claims against Colliers are barred because the alleged wrongful or harmful conduct was not committed by Colliers, but was committed, if at all, by others, including the conduct of Plaintiff.

## NINTH DEFENSE

Plaintiff fails to meet the legal or factual standard for punitive damages against Colliers.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent they are not brought in good faith or for proper means, potentially exposing Plaintiff to liability to Colliers for its attorney fees.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## TWELFTH DEFENSE

Plaintiff failed to plead fraud and other causes of action sounding in fraud with particularity.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Colliers was not involved in the conduct at issue for which Plaintiff claims she was damaged.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because Colliers was not a party to the pertinent agreements entered into by Plaintiff and is thus not subject to liability for Plaintiff's claims that arise from or relate to those agreements.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because the actions by Colliers were not the actual or proximate cause of the damages allegedly suffered by Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred on the basis that Colliers did not participate in, authorize, condone, direct, or control any of the actions which caused Plaintiff's alleged damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims are or may be time barred by relevant statutes of limitations pursuant to controlling law, including but not limited to Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b).

## EIGHTEENTH DEFENSE

Plaintiff has failed to plead her claims against Colliers with sufficient particularity or specificity.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the terms of the agreements that relate to the transactions at issue in the Complaint.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, release, consent, laches, ratification, and waiver.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Colliers are barred or limited pursuant to the Utah Liability Reform Act, Utah Code Sections 78B-5-817 through -873, and other applicable law.  Also,

consistent with that Act and applicable law, to the extent Plaintiff's own fault is equal or greater than any fault of Colliers, then Colliers is not liable for any of Plaintiff's alleged damages.

## TWENTY-SECOND DEFENSE

The transactions alleged in the Complaint are not securities under federal or state law, or to the extent they are determined to be securities, they are subject to exemptions under applicable law.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against Colliers are barred, in whole or in part, on the basis that Colliers owed no duty to Plaintiff, nor did Colliers have a fiduciary or confidential relationship with Plaintiff.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against Colliers are barred, in whole or in part, on the basis that Plaintiff did not reasonably rely on any statement or conduct of Colliers in connection with the transactions at issue.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims against Colliers are barred, in whole or in part, on the basis that Colliers lacked the necessary knowledge, intent, willfulness, or scienter required for it to be held liable.

## TWENTY-SIXTH DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, on the basis that it is not in conformity with the requirement of Fed. R. Civ. Pro. 8(a)(2) that the pleading be a short and plaint statement that the pleader is entitled to relief.

## TWENTY-SEVENTH DEFENSE

Colliers reserves the right to raise any additional defenses which may arise during the course of this case.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Colliers requests that:

1.    Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

2.    Colliers be awarded its attorneys' fees and costs incurred herein; and

3.    The Court grant Colliers such further relief as it deems just and equitable.


DATED:  February 23, 2024.

                                   DENTON DURHAM JONES PINEGAR P.C.


                                   */s/ James D. Gilson*
                                   James D. Gilson
                                   Andrew Wright
                                   David B. Nielson
                                   *Attorneys for Defendant Colliers International*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2024, a true and correct copy of the

foregoing was served via the Court's ECF Service on the following:

Stephen K. Christiansen
Randall S. Everett
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste 250
Salt Lake City, Utah 84111
*Attorneys for Plaintiffs*

J. Ryan Mitchell
Christopher A. Langston
Mika Hillery
MITCHELL BARLOW & MANSFIELD, P.C.
Nine Exchange Place, Ste 600
Salt Lake City, Utah 84111
*Attorneys for Defendant Blake McDougal*

Terry E. Welch
Bentley J. Tolk
Rodger M. Burge
PARR BROWN GEE & LOVELESS
101 South 200 East, Ste 700
Salt Lake City, Utah 84111
*Attorneys for Defendants Kevin Long, Millcreek
Commercial Properties, LLC, Brent Smith, and
Spencer Taylor*

*/s/ Kim Altamriano*