Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT,<br><br>           Plaintiff,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>           Defendants. | **SECOND MOTION TO EXTEND DEADLINE FOR PROPOSED SCHEDULING ORDER**<br><br>Civil No. 2:23-CV-00936-DAO<br><br>Magistrate Judge Daphne A. Oberg |

## INTRODUCTION

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff Kate Grant, through counsel, moves for a second extension of the deadline to submit a proposed scheduling order. The new proposed date is March 14, 2024.

## RELEVANT FACTS

1. Plaintiff was asked to submit a proposed scheduling order to the Court by February 29, 2024.

2. Because of scheduling constraints and one or more Defendant's counsel only recently making an appearance in the case, the Federal Rules of Civil Procedure Rule 26(f)

1

conference, the attorney planning meeting, was held at the earliest possible time for all schedules, February 29, 2024.

3. Plaintiff moved for and was granted, an extension to submit the proposed scheduling order by March 7, 2024.

4. In the intervening time period, plaintiff's lead counsel's schedule has not allowed him to finalize and circulate the proposed attorney planning meeting report and scheduling order agreed to by the parties in attendance at the attorney planning meeting.

5. Defendant Mary Street was served on February 29, 2024, and plaintiff's counsel was made aware of it on March 1, 2024. Neither Ms. Street nor counsel for her participated in the February 29 attorney planning meeting.

## **MOTION AND GROUNDS**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff Kate Grant, through counsel, moves for an extension of the deadline to submit a proposed scheduling order. The new proposed date is March 14, 2024.

Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b).

Good cause exists for Plaintiff's request. Plaintiff's counsel's schedule has created difficulties in circulating and finalizing the proposed scheduling order along with the attorney planning meeting report with Defendants' counsel. Further, defendant Mary Street has only recently been served. Plaintiff's counsel will attempt to obtain Mary Street's position on the proposed scheduling order before submitting it to the Court. Plaintiff anticipates this motion to be the final request for an extension on the proposed scheduling order. Because of these time

constraints and other scheduling conflicts, Plaintiff moves the Court to extend the time to submit a proposed scheduling order to March 14, 2024.

DATED this 7th day of March, 2024.

CHRISTIANSEN LAW, PLLC

/s/ Stephen K. Christiansen
Stephen K. Christiansen
Randall S. Everett
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2024, I caused a true and correct copy of within and foregoing document to be served electronically upon all counsel of record via the Court's CM/ECF system and to be served via email as follows:

Mary Street
mstreet@mtnwest.com

/s/ Stephen K. Christiansen