Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| KATE GRANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET<br><br>Defendants. | **ATTORNEY PLANNING MEETING**<br><br>Case No. 2:23-CV-00936-DAO<br><br>Magistrate Judge Daphne A. Oberg |
|---|---|

**1. PRELIMINARY MATTERS**

| | a. | | Nature of claims and any affirmative defenses:<br><br>Plaintiff Kate Grant asserts claims against the above-named defendants based on misrepresentations, omissions, and conduct related to her investment in a Tenant In Common arrangement associated with real property in Naperville, Illinois. The Complaint alleges federal and state securities violations, common law fraud and negligent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting tortious conduct, and unjust enrichment. Plaintiff seeks actual and statutory damages, punitive or exemplary damages, attorney fees, and costs in an amount to be proven at trial, plus interest as set forth by applicable statutes or case law, and all other applicable relief by statute, at law, in equity, or otherwise. |
|---|---|---|---|

|   |   |   |   |
|---|---|---|---|
|   |   | Defendant Mary Street ("Street") defends (1) on the basis that she did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Street's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit. |   |
|   |   | Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith") defend (1) on the basis that they did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Long, Millcreek and Smith's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit. |   |
|   |   | Defendant Spencer Taylor's ("Taylor") response and affirmative defenses will be set forth in detail in his Answer to Plaintiffs' Complaint that will be filed on April 1, 2024. Taylor's Answer will defend on the grounds that (1) he did not engage in the wrongful conduct alleged by Plaintiff; and (2) that Plaintiff's claims are otherwise without merit or fail to state a claim against him for which relief can be granted. |   |
|   |   | Defendant Blake McDougal ("McDougal") defends on the basis that he did not engage in the wrongful conduct alleged by Plaintiff; that Plaintiff's claims are barred for the reasons set forth in McDougal's Answer and Affirmative Defenses; and that Plaintiff's claims are otherwise without merit. |   |
|   |   | Defendant Colliers International defends on the basis that it did not engage in the wrongful conduct as alleged by Plaintiffs and for the other reasons set forth in Colliers' Answer and affirmative defenses contained therein; and that Plaintiffs' claims are otherwise without merit. |   |
| b. |   | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 2/29/24 |
| c. |   | Participants: (include the name of the party and attorney, if applicable) Kate Grant – Randall S. Everett, Stephen K. Christiansen Kevin Long; Millcreek Commercial Properties, LLC; Brent Smith - Bentley J. Tolk Spencer Taylor - Maria E. Windham Colliers International - James D. Gilson Blake McDougal - J. Ryan Mitchell Mary Street – Pro se (Had not been served at time of Rule 26(f)(1) conference; communications with Ms. Street took place subsequent to that time) |   |

| | | | | |
|---|---|---|---|---|
| | | | | |
| d. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *4/23/2024* | |
| e. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

**2. PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:<br><br>Defendants' position is that proprietary and other confidential information will need to be kept confidential, and that the SPO is effective in this case and will be used in the case. | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* | | |

| | | |
|---|---|---|
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* |

**3. DISCOVERY PLAN**

Defendants plan to file a stipulated motion to consolidate the instant case (and potentially the case of *Wilson v. Long, et al.*, Case No. 2:23-cv-00599-JCB, pending in this Court's Central Division), into *Klair, et al. v. Long, et al.*, Case No. 2:23-cv-00407-HCN-CMR, pending in this Court's Central Division. If that motion is denied, another conference will be scheduled in this case to create a discovery plan for fact discovery, expert discovery, amending pleadings, settlement, alternative dispute resolution, and other deadlines as well as trial-related information. If that motion is granted, the present case will be absorbed into the previously filed *Klair* case, and Plaintiff and Defendants will use all dates previously associated with the *Klair* case and proceed with the scheduling order already in place in that case.

/s/ *Stephen K. Christiansen*       Date: 3/14/2024
Signature and typed name of Plaintiff's Attorney (*or Party's Name if self-represented*)

/s/ *Bentley J. Tolk.*       Date: 3/14/2024
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

/s/ *Maria E. Windham*       Date: 3/14/2024
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

/s/ *James D. Glison.*       Date: 3/14/2024
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

/s/ *J. Ryan Mitchell.*       Date: 3/14/2024
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

/s/ *Mary Street. (Pro se litigant)*       Date: 3/14/2024
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)