Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| KATE GRANT, an individual, Plaintiff, vs. KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET Defendant. | **SCHEDULING ORDER** Case No. 2:23-CV-00936-DAO Magistrate Judge Daphne A. Oberg |
|---|---|

Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

| 1. | | **PRELIMINARY MATTERS** | | **DATE** |
|---|---|---|---|---|
| | | Nature of claims and any affirmative defenses: Nature of claims and any affirmative defenses: Plaintiff Kate Grant asserts claims against the above-named defendants based on misrepresentations, omissions, and conduct related to her investment in a Tenant In Common arrangement associated with real property in Naperville, Illinois. The Complaint alleges | | |

1

federal and state securities violations, common law fraud and negligent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting tortious conduct, and unjust enrichment. Plaintiff seeks actual and statutory damages, punitive or exemplary damages, attorney fees, and costs in an amount to be proven at trial, plus interest as set forth by applicable statutes or case law, and all other applicable relief by statute, at law, in equity, or otherwise.

Defendant Mary Street ("Street") defends (1) on the basis that she did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Street's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith") defend (1) on the basis that they did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Long, Millcreek and Smith's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendant Spencer Taylor's ("Taylor") response and affirmative defenses will be set forth in detail in his Answer to Plaintiffs' Complaint that will be filed on April 1, 2024. Taylor's Answer will defend on the grounds that (1) he did not engage in the wrongful conduct alleged by Plaintiff; and (2) that Plaintiff's claims are otherwise without merit or fail to state a claim against him for which relief can be granted.

Defendant Blake McDougal ("McDougal") defends on the basis that he did not engage in the wrongful conduct alleged by Plaintiff; that Plaintiff's claims are barred for the reasons set forth in McDougal's Answer and Affirmative Defenses; and that Plaintiff's claims are otherwise without merit.

|   | Defendant Colliers International defends on the basis that it did not engage in the wrongful conduct as alleged by Plaintiffs and for the other reasons set forth in Colliers' Answer and affirmative defenses contained therein; and that Plaintiffs' claims are otherwise without merit. |   |   |
|---|---|---|---|
| a. | Date the Rule 26(f)(1) conference was held? |   | 2/29/24 |
| b. | Have the parties submitted the Attorney Planning Meeting Report? |   | 3/14/24 |
| c. | Deadline for 26(a)(1) initial disclosures? |   | 4/23/24 |

Defendants plan to file a stipulated motion to consolidate the instant case (and potentially the case of *Wilson v. Long, et al.*, Case No. 2:23-cv-00599-JCB, pending in this Court's Central Division), into *Klair, et al. v. Long, et al.*, Case No. 2:23-cv-00407-HCN-CMR, pending in this Court's Central Division. If that motion is denied, another conference will be scheduled in this case to create a discovery plan for fact discovery, expert discovery, amending pleadings, settlement, alternative dispute resolution, and other deadlines as well as trial-related information. If that motion is granted, the present case will be absorbed into the previously filed *Klair* case, and Plaintiff and Defendants will use all dates previously associated with the *Klair* case and proceed with the scheduling order already in place in that case.

DATED this ____ day of March, 2024.

BY THE COURT:

_____
U.S. Magistrate Judge