UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KATE GRANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **SCHEDULING ORDER**<br><br>Case No. 2:23-cv-00936<br><br>Magistrate Judge Daphne A. Oberg |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6. **The parties are ordered to file a complete proposed scheduling order by May 15, 2024, if the case is not consolidated by that date.**

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1.     **PRELIMINARY MATTERS**                                                                       **DATE**

Nature of claims and any affirmative defenses: Plaintiff Kate Grant asserts claims against the abovenamed defendants based on misrepresentations, omissions, and conduct related to her investment in a Tenant In Common arrangement associated with real property in Naperville, Illinois. The Complaint alleges

federal and state securities violations, common law fraud and negligent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting tortious conduct, and unjust enrichment. Plaintiff seeks actual and statutory damages, punitive or exemplary damages, attorney fees, and costs in an amount to be proven at trial, plus interest as set forth by applicable statutes or case law, and all other applicable relief by statute, at law, in equity, or otherwise.

Defendant Mary Street ("Street") defends (1) on the basis that she did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Street's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith") defend (1) on the basis that they did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Long, Millcreek and Smith's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendant Spencer Taylor's ("Taylor") response and affirmative defenses will be set forth in detail in his Answer to Plaintiffs' Complaint that will be filed on April 1, 2024. Taylor's Answer will defend on the grounds that (1) he did not engage in the wrongful conduct alleged by Plaintiff; and (2) that Plaintiff's claims are otherwise without merit or fail to state a claim against him for which relief can be granted.

Defendant Blake McDougal ("McDougal") defends on the basis that he did not engage in the wrongful conduct alleged by Plaintiff; that Plaintiff's claims are barred for the reasons set forth in McDougal's Answer and Affirmative Defenses; and that Plaintiff's claims are otherwise without merit.

Defendant Colliers International defends on the basis that it did not engage in the wrongful conduct as

alleged by Plaintiffs and for the other reasons set forth in Colliers' Answer and affirmative defenses contained therein; and that Plaintiffs' claims are otherwise without merit.

| | | |
|---|---|---|
| a. | Date the Rule 26(f)(1) conference was held? | <u>2/29/2024</u> |
| b. | Have the parties submitted the Attorney Planning Meeting Report? | <u>3/14/2024</u> |
| c. | Deadline for 26(a)(1) initial disclosures? | <u>4/23/2024</u> |

DATED this 15th day of March, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge