Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Kevin Long, Millcreek Commercial
Properties, LLC, and Brent Smith*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| KATE GRANT,<br><br>          Plaintiff,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>          Defendants. | **ANSWER OF DEFENDANTS KEVIN LONG, MILLCREEK COMMERCIAL PROPERTIES, LLC, AND BRENT SMITH**<br><br>Case No. 2:23-cv-00936-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith"; collectively, the "Millcreek Defendants"), through their counsel of record, hereby answer the Complaint filed by Plaintiff in the above-captioned case and, without prejudice to their right to file an amended answer and/or counterclaims after additional discovery or investigation, admit, deny and/or aver as follows:

## FIRST DEFENSE

The Millcreek Defendants respond as follows to the allegations contained in the numbered paragraphs of the Complaint:

1.      Deny each and every allegation on the ground that the Millcreek Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "**Deny for lack of information**").

2.      Deny for lack of information.

3.      Deny for lack of information.

4.      Deny and affirmatively allege that Millcreek's principal place of business is in Pleasant Grove, Utah.

5.      Admit.

6.      Admit.

7.      Deny each and every allegation, except admit Long has worked as an associate broker for Colliers.

8.      Deny each and every allegation, except admit Long participated in the formation of Millcreek and Millrock Investment Fund I.

9.      Admit Long is Chief Executive Officer of Millcreek Commercial Properties; deny each and every remaining allegation.

10.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, deny each and every allegation.

11.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, deny each and every allegation.

12.     Admit.

13.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, deny each and every allegation.

14.     Admit.

15.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, deny each and every allegation.

16.     Deny for lack of information.

17.     Admit.

18.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, deny each and every allegation.

19.     Deny.

20.     Admit Millcreek and Colliers have cooperated in business ventures; deny each and every remaining allegation.

21.     Deny each and every allegation, except admit Plaintiff so alleges.

22.     Admit.

23.     Deny for lack of information.

24.     Deny for lack of information.

25.     Deny for lack of information.

26.     Deny for lack of information.

27.     Denies.

28.     Deny for lack of information.

29.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, deny for lack of information.

30.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, deny.

31.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, deny.

32.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, deny.

33.     Deny for lack of information.

34.     Deny.

35.     Admit Millcreek has marketed TIC interests in the specifically identified properties; deny each and every remaining allegation.

36.     Admit Millrock Investment Fund 1 and other TIC owners contracted for improvements/renovations on the Naperville property; deny each and every remaining allegation.

37.     Deny for lack of information.

38.     Deny for lack of information.

39.     Deny for lack of information.

40.     Deny for lack of information.

41.     Deny for lack of information.

42.     Deny for lack of information.

43.     Deny for lack of information.

44.     Deny for lack of information.

45.     Deny for lack of information.

46.     Deny each and every allegation, except admit Plaintiff so alleges.

47.     Deny each and every allegation, except admit Plaintiff so alleges.

48.     Admit the referenced leases speak for themselves; deny each and every allegation inconsistent with the four corners of those agreements.

49.     Admit the referenced leases speak for themselves; deny each and every allegation inconsistent with the four corners of those agreements.

50.     Deny for lack of information.

51.     Deny for lack of information.

52.     Deny for lack of information.

53.     Deny for lack of information.

54.     Admit the referenced guarantee speaks for itself; deny each and every allegation inconsistent with the four corners of that document.

55.     Admit the referenced guarantee speaks for itself; deny each and every allegation inconsistent with the four corners of that document.

56.     Admit the referenced bond speaks for itself; deny each and every allegation inconsistent with the four corners of that document.

57.     Deny for lack of information.

58.     Deny each and every allegation, except admit Plaintiff so alleges.

59.     Admit Long was for a period of time a Principal Broker and COO of CBC Advisors.

60.     Admit.

61.    Admit Long worked with Lew Cramer; deny all remaining allegations for lack of information.

62.    Deny for lack of information.

63.    Deny.

64.    Deny for lack of information.

65.    Admit Long was an associate broker for Colliers; deny each and every remaining allegation.

66.    Admit Long was for a period of time a Senior Vice President of the Utah division of Colliers and that the alleged electronic image of an email speaks for itself; deny each and every remaining allegation.

67.    Admit Long was for a period an Executive Vice President of the Utah division of Colliers and that the alleged electronic image of an email speaks for itself; deny each and every remaining allegation.

68.    Admit Long participated in the formation of Millcreek and Millrock Investment Fund I; deny each and every remaining allegation.

69.    Admit Long was and is President of Millcreek Commercial and that the alleged excerpt from a LinkedIn page speaks for itself; deny each and every remaining allegation.

70.    Admit the alleged excerpt from the Millcreek/Colliers website speaks for itself; deny each and every remaining allegation.

71.    Deny for lack of information.

72.    Admit Taylor and McDougal marketed and sold TIC interests in real property; deny each and every remaining allegation.

73.    Admit Long is licensed to sell real estate in the State of Utah; deny each and every remaining allegation for lack of information.

74.    Admit Long is not registered with the state of Illinois to sell real estate; deny each and every remaining allegation for lack of information.

75.    Admit Long is not registered with FINRA to sell securities; deny each and every remaining allegation for lack of information.

76.    Admit the TIC interests marketed by Millcreek/Colliers were not registered as securities by filing a registration statement; deny each and every remaining allegation.

77.    Deny for lack of information.

78.    The paragraph purports to state one or more legal conclusions, to which no response is required. To the extent a response is required, deny for lack of information.

79.    The paragraph purports to state one or more legal conclusions, to which no response is required. To the extent a response is required, deny for lack of information.

80.    The paragraph purports to state one or more legal conclusions, to which no response is required. To the extent a response is required, deny for lack of information.

81.    The alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation.

82.    Deny for lack of information.

83.    Deny for lack of information.

84.    Deny for lack of information.

85.    Deny for lack of information.

86.    Deny for lack of information.

87.    Admit the terms of the referenced lease(s) speak for themselves; deny each and every remaining allegation.

88.    Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation.

89.    Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation.

90.    Deny for lack of information.

91.    Admit Millcreek marketed TIC interests in the Naperville Property; deny each and every remaining allegation.

92.    Admit the Naperville Property was a newly constructed building completed in 2020; deny each and every remaining allegation.

93.    Deny.

94.    Deny for lack of information.

95.    Admit.

96.    Deny for lack of information.

97.    Deny each and every allegation except admit Plaintiff so alleges.

98.    Deny for lack of information.

99.    Deny for lack of information.

100.    Deny for lack of information.

101.    Deny for lack of information.

102.    Deny for lack of information.

103.    Deny for lack of information.

104.    Deny that Long was employed by Colliers; deny each and every remaining allegation for lack of information.

105.    Deny for lack of information.

106.    Admit the contents of the alleged promotional materials speak for themselves; deny each and every remaining allegation for lack of information.

107.    Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

108.    Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

109.    Deny.

110.    Admit the referenced lease speaks for itself; deny each and every allegation inconsistent with the four corners of that document.

111.    Admit the referenced lease speaks for itself; deny each and every allegation inconsistent with the four corners of that document.

112.    Admit the referenced lease speaks for itself; themselves; deny each and every allegation inconsistent with the four corners of that document.

113.    Admit the alleged excerpt from the article speaks for itself; deny each and every remaining allegation.

114.    Deny.

115.    Deny.

116.    Deny.

117.    Deny.

118.   Deny.

119.   Deny for lack of information.

120.   Admit the alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation for lack of information.

121.   Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

122.   Admit the alleged contents excerpt from Millcreek's website or referenced document speaks for itself; deny each and every remaining allegation for lack of information.

123.   Admit the alleged contents of the referenced document speak for themselves; deny each and every remaining allegation for lack of information.

124.   Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

125.   Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

126.   Deny for lack of information.

127.   Deny for lack of information.

128.   Admit the alleged excerpt from Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

129.   Deny for lack of information.

130.   The referenced document speaks for itself; deny each and every remaining allegation inconsistent with the four corners of that document.

131.   Deny for lack of information.

132.    Admit the alleged image speaks for itself; deny each and every remaining allegation.

133.    Admit the alleged image speaks for itself; deny each and every remaining allegation.

134.    Admit the alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation.

135.    Deny for lack of information.

136.    Deny for lack of information.

137.    Deny for lack of information.

138.    Deny for lack of information.

139.    Deny for lack of information.

140.    Deny for lack of information.

141.    Deny for lack of information.

142.    Deny each and every allegation except admit Plaintiff so alleges.

143.    Deny each and every allegation except admit Plaintiff so alleges.

144.    Admit.

145.    Deny for lack of information.

146.    Deny for lack of information.

147.    Deny for lack of information.

148.    Deny for lack of information.

149.    Admit.

150.    Admit Taylor provided clients with written informational materials, which speak for themselves, and the contents of any websites speak for themselves; deny each and every remaining allegation for lack of information.

151.    Admit the referenced materials speak for themselves; deny each and every remaining allegation.

152.    Deny each and every allegation except admit Plaintiff so alleges.

153.    Deny for lack of information.

154.    Deny for lack of information.

155.    Deny for lack of information.

156.    Admit the alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation.

157.    Deny each and every allegation, except admit Plaintiff so alleges.

158.    Deny for lack of information.

159.    Deny for lack of information.

160.    Deny.

161.    Admit the contents of the referenced documents speak for themselves; deny each and every remaining allegation.

162.    Deny each and every allegation, except admit Plaintiff so alleges.

163.    Deny for lack of information.

164.    Deny for lack of information.

165.    Deny.

166.    The alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation.

167.    Deny each and every allegation, except admit Plaintiff so alleges.

168.    Deny for lack of information.

169.    Deny for lack of information.

170.    Deny.

171.    Admit the contents of the referenced documents speak for themselves; deny each and every remaining allegation.

172.    Deny each and every allegation except admit Plaintiff so alleges.

173.    Deny for lack of information.

174.    Deny for lack of information.

175.    Deny.

176.    Admit the contents of the referenced documents speak for themselves; deny each and every remaining allegation.

177.    Deny each and every allegation except admit Plaintiff so alleges.

178.    Deny for lack of information.

179.    Deny for lack of information.

180.    Deny.

181.    Deny.

182.    The referenced "omission" is not stated, and thus the Millcreek Defendants cannot respond to the paragraph; to the extent a response is required, deny for lack of information.

183.    Deny for lack of information.

184.    Deny for lack of information.

185.    Deny for lack of information.

186.    Deny for lack of information.

187.    Deny for lack of information.

188.    Deny for lack of information.

189.    Deny for lack of information.

190.    Deny for lack of information.

191.    Deny for lack of information.

192.    Deny for lack of information.

193.    Deny for lack of information.

194.    Deny for lack of information.

195.    Deny.

196.    Deny for lack of information.

197.    The alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation.

198.    Deny each and every allegation, except admit Plaintiff so alleges.

199.    The paragraph purports to state a conclusion of law to which no response is required; to the extent a response is required, deny.

200.    Deny for lack of information.

201.    Deny.

202.    Admit the alleged excerpt from the referenced documents speak for itself; deny each and every remaining allegation.

203.    Deny each and every allegation, except admit Plaintiff so alleges.

204.    Deny for lack of information.

205.    Deny for lack of information.

206.    Deny.

207.    Admit the alleged excerpt from the referenced document speaks for itself; deny each and every remaining allegation.

208.    Deny each and every allegation, except admit Plaintiff so alleges.

209.    Deny for lack of information.

210.    Deny for lack of information.

211.    Deny.

212.    Admit the contents of the referenced documents speak for themselves; deny each and every remaining allegation.

213.    Deny each and every allegation, except admit Plaintiff so alleges.

214.    Deny for lack of information (including "paragraph a," which appears intended to be a separate numbered allegation).

215.    Deny.

216.    Admit the alleged excerpt from the refenced document speaks for itself; deny each and every remaining allegation.

217.    Deny for lack of information.

218.    Deny for lack of information.

219.    Deny for lack of information.

220.    Deny for lack of information.

221.    Deny for lack of information.

222.    Deny for lack of information.

223.    Deny.

224.    Deny for lack of information.

225.    Deny.

226.    Deny for lack of information.

227.    Deny for lack of information.

228.    Deny.

229.    Deny for lack of information.

230.    Admit certain commission payments were made in connection with TIC interest purchases; deny each and every remaining allegation.

231.    Deny for lack of information.

232.    Admit the contents of the referenced closing documents speak for themselves; deny each and every remaining allegation for lack of information.

233.    Deny for lack of information.

234.    Deny for lack of information.

235.    Deny for lack of information.

236.    Deny for lack of information.

237.    Deny for lack of information.

238.    Deny for lack of information.

239.    Deny.

240.    Deny.

241.    Deny.

242.    Deny.

243.    Deny.

244.    Deny.

245.    Deny.

246.    Admit Millrock has an ownership interest in the Naperville Property; deny each and every remaining allegation for lack of information.

247.    Admit the description provided of a triple-net lease; deny each and every remaining allegation for lack of information.

248.    Deny for lack of information.

249.    Deny for lack of information.

250.    Deny for lack of information.

251.    Deny for lack of information.

252.    Deny for lack of information.

253.    Deny for lack of information.

254.    Deny for lack of information.

255.    Deny for lack of information.

256.    Admit Long stated he believed a new tenant could be obtained; deny each and every remaining allegation.

257.    Deny for lack of information.

258.    Deny for lack of information.

259.    Deny for lack of information.

260. Deny for lack of information.

261. Deny.

262. Deny.

263. Deny.

264. Deny for lack of information.

265. Deny for lack of information.

266. Admit a new tenant was proposed for the Naperville Property; deny each and every remaining allegation.

267. Deny.

268. Deny for lack of information.

269. The terms of the referenced TIC Agreement speak for themselves; deny each and every remaining allegation.

270. Deny for lack of information.

271. Deny for lack of information.

272. Deny each and every allegation, except admit Plaintiff so alleges.

## FIRST CAUSE OF ACTION

273. The Millcreek Defendants incorporate herein their responses to the previous allegations.

274. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

275. Deny.

276. Deny.

277. Deny.

278. Deny.

279. Deny.

280. Deny.

281. Deny.

282. Deny.

283. Deny.

284. Deny.

285. Deny.

286. Deny for lack of information.

287. Deny.

288. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

289. Deny.

290. Deny.

### SECOND CAUSE OF ACTION

291. The Millcreek Defendants incorporate herein their responses to the previous allegations.

292. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

293.    Admit the referenced TIC interests were not registered by the filing of a registration statement and affirmatively allege that they were not required by law to be registered; deny each and every remaining allegation.

294.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

295.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

296.    Deny.

297.    Deny.

### THIRD CAUSE OF ACTION

298.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

299.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

300.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

301.    Deny.

302.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

303.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

304.    Deny for lack of information.

305.    Admit Long and Taylor were for a period of time agents of Millcreek; deny each and every remaining allegation.

306.    Deny for lack of information.

307.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

308.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

309.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

## FOURTH CAUSE OF ACTION

310.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

311.    Deny.

312.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

313.    Deny.

314.    Deny.

315.    Deny for lack of information.

316.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

317.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

**FIFTH CAUSE OF ACTION**

318.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

319.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

320.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

321.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

322.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

323.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

**SIXTH CAUSE OF ACTION**

324.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

325.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

326.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

327.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

328.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

329.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

330.    Deny.

331.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

332.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

## SEVENTH CAUSE OF ACTION

333.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

334.    Deny.

335.    Deny.

336.    Deny.

337.    Deny.

338.    Deny for lack of information.

339.    Deny.

340.    Deny.

## EIGHTH CAUSE OF ACTION

341.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

342.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

343.    Deny.

344.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

345.    Deny.

346.    Deny.

347.    Deny.

348.    Deny.

349.    Deny.

350.    Deny for lack of information.

351.    Deny.

352.    Deny.

## NINTH CAUSE OF ACTION

353.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

354.    Deny.

355.    Deny.

356.    Deny.

357.    Deny.

358.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

359.    Deny for lack of information.

360.    Deny.

361.    Deny for lack of information.

362.    Deny for lack of information.

363.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

364.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

365.    Deny.

366.    Deny.

## TENTH CAUSE OF ACTION

367.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

368.    Deny.

369.    Deny.

370.    Deny.

371.    Deny.

372.    Deny.

373.    Deny.

## ELEVENTH CAUSE OF ACTION

374.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

375.    Deny.

376.    Deny.

377.    Deny.

378.    Deny.

379.    Deny for lack of information.

380.    Deny.

381.    Deny.

382.    Deny.

## TWELFTH CAUSE OF ACTION

383.    The Millcreek Defendants incorporate herein their responses to the previous allegations.

384.    Deny for lack of information.

385.    Deny.

386.    Deny.

387.    Deny.

388.    Deny.

389.    Deny.

## <u>SECOND DEFENSE</u>

Each and every Millcreek Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

### THIRD DEFENSE

Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiff.

### FOURTH DEFENSE

Plaintiff is barred from claiming injury or damage, if any, because she failed to make reasonable efforts to mitigate such injury or damage, which would have prevented her injury or damages, if any.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as she was expressly advised in public filings and otherwise regarding the material facts and risks concerning their investments. Plaintiff knew or should have known the financial condition of the relevant lessees and the risks associated with triple-net leases and lessees under such leases failing. In failing to consider these risks, Plaintiff assumed the risk that such person or entity might be damaged by purchasing or acquiring TIC interests. Plaintiff therefore is estopped from recovering any relief.

### SIXTH DEFENSE

The purported damages, if any, allegedly sustained by Plaintiff were, in whole or in part, proximately caused by or contributed to market conditions and/or the conduct of others, or both, rather than any conduct of Millcreek Defendants.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiff. Accordingly, Plaintiff could not

rely upon such alleged misstatements or omissions and was not damaged by the alleged misrepresentations or omissions.

## EIGHTH DEFENSE

Plaintiff was negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which she asserts liability against the Millcreek Defendants. Thus, the actual and proximate cause of the damage, if any, to Plaintiff, in whole or in part, is her own actions, omissions, and/or contributory or comparative negligence and her failure to exercise reasonable care, and/or the actions and/or omissions of third parties over which the Millcreek Defendants had no control.

## NINTH DEFENSE

If any false or misleading statement was made, or any material fact required to be stated or necessary to make any statement made not misleading was omitted (which the Millcreek Defendants deny), then the Plaintiff was aware of that misstatement or omission and/or did not rely upon it.

## TENTH DEFENSE

With respect to Plaintiff's claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiff is limited to the percentage of responsibility of the Millcreek Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiff, pursuant to the Proportionate Liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

**ELEVENTH DEFENSE**

Any recovery for damages allegedly incurred by Plaintiff is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**TWELFTH DEFENSE**

Plaintiff did not rely upon any of the statements and/or omissions alleged to have been false or misleading, and would have acquired the TIC interest even if, at the time she acquired it, she knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which the Millcreek Defendants' liability purportedly rests.

**THIRTEENTH DEFENSE**

The claims of Plaintiff are barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, release, laches, ratification, wrongful conduct, bad faith, failure to do equity and/or unclean hands.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Millcreek Defendants acted in good faith and in conformity with all applicable statutes and all applicable rules.

**FIFTEENTH DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b).

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged securities and the transactions at issue, insofar as they are deemed securities, are exempt from any state or federal registration requirements.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged securities are not "securities," as defined under federal or state law.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Utah Code §§ 78B-5-817 through -823.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to comply with the pleading and substantive requirements of the Private Securities Litigation Reform Act of 1995.

### TWENTIETH DEFENSE

The Millcreek Defendants deny generally and specifically each and every allegation contained in the Complaint which the Millcreek Defendants do not specifically herein admit. The Millcreek Defendants deny that Plaintiff is entitled to any of the relief prayed for in the Complaint.

### TWENTY-FIRST DEFENSE

The Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## **TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Millcreek Defendants comply with all relevant statutes, rules and regulations.

## **TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the economic loss doctrine.

## **TWENTY-FOURTH DEFENSE**

Plaintiff's claim for punitive damages is barred because it fails to meet the legal or factual standard for punitive damages against the Millcreek Defendants.

## **TWENTY-FIFTH DEFENSE**

Plaintiff's claims sounding in fraud are barred, in whole or in part, by her failure to plead such claims with the requisite particularity.

## **TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because one or more of the Millcreek Defendants was not a party to the agreements entered into by Plaintiff, and thus are not subject to liability for Plaintiff's claims arising from, or relating to, those agreements.

## **TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the terms of the agreements she entered into, relating to the transactions at issue in this lawsuit.

## **TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by a failure or lack of consideration.

## TWENTY-NINTH DEFENSE

Plaintiff's Second and Third Causes of Action fail, in whole or in part, as a matter of law because Plaintiff has not plead facts showing compliance with 15 U.S.C. § 77m.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis that the Millcreek Defendants owed no duty to Plaintiff, and the Millcreek Defendants had no fiduciary relationship with Plaintiff.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Millcreek Defendants lacked the necessary knowledge, intent, willfulness, or scienter for any of them to be liable to Plaintiff.

## THIRT-SECOND DEFENSE

The Millcreek Defendants reserve the right to assert additional defenses to Plaintiff's claims as this case proceeds.

WHEREFORE, the Millcreek Defendants pray as follows:

1.      that the Complaint be dismissed in its entirety with prejudice on its merits;

2.      that the Millcreek Defendants be awarded judgment against Plaintiff in the amount of all attorneys' fees and costs incurred by the Millcreek Defendants herein; and

3.      that the Court grant such other and further relief to the Millcreek Defendants as the Court deems proper.

Dated this 1st day of April, 2024.

PARR BROWN GEE & LOVELESS

By: /s/ Rodger M. Burge
    Terry E. Welch
    Bentley J. Tolk
    Rodger M. Burge
    *Attorneys for Defendants Kevin Long, Millcreek*
    *Commercial Properties, LLC, and Brent Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1ˢᵗ day of April, 2024, a true and correct copy of the

foregoing **ANSWER OF DEFENDANTS KEVIN LONG, MILLCREEK COMMERCIAL**

**PROPERTIES, LLC, AND BRENT SMITH** was served via the Court's electronic filing

system on counsel of record.

/s/ Rodger M. Burge
Rodger M. Burge