Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
sschultz@strongandhanni.com
*Attorney for Defendant*

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT,<br><br>                    Plaintiff,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>                    Defendants. | **MOTION TO DISMISS**<br><br>Case No.: 2:23-cv-00936-DAO<br><br>Magistrate Judge Oberg |

Pursuant to Rules 8(a), 8(d), 12(b)(6), and 41(b), Fed. R. Civ. P., and DUCivR 7-1, Defendant Mary Street (hereinafter "Street") moves the Court to dismiss Plaintiff's Complaint against Street.

### **INTRODUCTION**

Plaintiff's Complaint spans 61 pages and 389 paragraphs filed against seven defendants including Street.[1] Five of the defendants (not including Street) are referred to as a group called the

---

[1] Doc. 3.

"Millcreek/Colliers Parties."[2] The "Millcreek/Colliers Parties" are named in 57 separate paragraphs and in the sub-heading on page 7 of the Complaint, far more references than to defendant Street.[3]

The Complaint fails basic standards of pleading with respect to Street as set forth in Rules 8 and 12, Fed. R. Civ. P., and should be dismissed. At the very least, Plaintiff should be required to plead her case in such a way that it is plain, simple, clear and concise and so that Street can determine the what, when, where, and why of Plaintiff's assertions, if any, that really apply to Street. Plaintiff cannot meet this requirement by lumping Street together with the other defendants.

### I. Statement of Specific Relief Sought and Grounds for Such Relief

Street asks the Court to dismiss Plaintiff's Complaint as to all claims asserted against her on the following grounds:

1. <u>Rule 8 Grounds</u>. Contrary to Rule 8(a)(2), the Complaint does not contain "a short and plain statement of the claim for relief" showing that the Plaintiff is entitled to relief from Street.[4] To comply with Rule 8(a)(2),

> a complaint must explain what each defendant did ...; when the defendant did it; how the defendants [sic] actions [caused harm]; and, what specific legal right the plaintiff believes the defendant violated.... [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

---

[2] Doc. 3 at ¶ 21.
[3] *See* Doc. 3.
[4] *See United States ex rel Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1292 (D. Utah 2018).

-2-

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to preform [sic] the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (citation omitted).

If a complaint does not comply with Rule 8(a)(2), a court may dismiss it under Rule 41(b) for failure "to comply with [the Federal Rules of Civil procedure]." Dismissing a case without prejudice under Rule 41(b) for failure to comply with Rule 8(a)(2) allows plaintiffs to hone their claims. *Nasious*, 492 F.3d at 1162. As such, a district court may, without abusing its discretion, enter such orders "without attention to any particular procedures." *Id.*[5]

2. <u>Rule 12(b)(6) Grounds</u>. "For the claim to survive [a Rule 12(b)(6) motion to dismiss], the plaintiff's allegations must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] "Plausibility, in this context, means that the plaintiff has alleged facts that allow the court to draw [a] reasonable inference that the defendant is liable for the alleged misconduct."[7]

3. In the instant case, Plaintiff's Complaint fails the requirements of Rules 8, 12 and 41. It spans 61 pages against seven different defendants. Plaintiff's Prayer for Relief fails to distinguish between the defendants but lumps them together as a group. She fails to explain the "what, where, why and how" regarding Street and specifically why she is included in the group of defendants.

---

[5] *United States ex rel Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1307 (D. Utah 2018).
[6] *Id*. at 1292 (citing *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (internal quotation marks and other citations omitted).
[7] *Id*.

II. **Statement of Pertinent Facts**

1. On December 29, 2023, Plaintiff filed her 61-page, 389-paragraph Complaint.[8]

2. The Complaint names seven defendants and contains 12 causes of action, including (i) violations of Section 10(b) of the Securities exchange Act and Rule 10b-5 against all defendants,[9] (ii) sale of unregistered securities against all defendants,[10] (iii) control person liability (not against Street),[11] (iv) state law securities fraud against all defendants,[12] (v) state law securities violation/sale by unlicensed broker against all defendants,[13] (vi) materially aiding state law securities fraud (not against Street),[14] (vii) common law fraud against all defendants,[15] (viii) negligent misrepresentation against all defendants,[16] (ix) breach of fiduciary duty against all defendants,[17] (x) conspiracy to engage in tortious conduct against all defendants,[18] (xi) aiding and abetting tortious conduct agaist all defendants,[19] and (xii) unjust enrichment against all defendants.[20]

3. Street is mentioned by name in paragraphs 22-27 of the Complaint, but these paragraphs are basic identifying paragraphs and do not contain any substantive allegations of

---

[8] Doc. 3 – Complaint.
[9] *Id.*, at 40-42.
[10] *Id.*, at 42-43.
[11] *Id.*, at 43-44.
[12] *Id.*, at 44-45.
[13] *Id.*, at 45-46.
[14] *Id.,* at 47-48.
[15] *Id.,* at 48-49.
[16] *Id.,* at 49-50.
[17] *Id.,* at 50-51.
[18] *Id.,* at 51-52.
[19] *Id.,* at 52-54.
[20] *Id.,* at 54-55.

fraud, sales of securities or contact with Plaintiff. Street is next mentioned in paragraphs 73-75 for the unremarkable assertions that she is licensed to sell real estate in Utah and not in Illinois and that she is not registered to sell securities. But there is no allegation that she sold real estate in Illinois or sold securities. The following are the rest of the paragraphs where Street is mentioned:

- ¶ 235 – Street is alleged to have told Plaintiff the Naperville tenant defaulted. There is no claim that this information was false.
- ¶ 236 – Street is alleged to have acted as an unlicensed real estate agent in Illinois. There is no allegation as to what Street supposedly did.
- ¶ 237 – Street is alleged to have known or should have known her actions were not permitted, but no statement as to what actions are being referenced.
- ¶¶ 254-255 – Street is alleged to have been asked by Plaintiff to help sell Plaintiff's TIC interest in the Naperville but not provided the requested help. Plaintiff then used someone else to sell.[21]

4. In many of the Claims, Plaintiff simply lumps the defendants together and alleges in conclusory terms, that they committed the acts alleged. For example:

a. "**Defendants** made untrue statements of material fact and omitted material facts . . ."[22]

b. "**Defendants'** material misrepresentations and omissions were made through the means or instruments of communication in interstate commerce or the mails . . ."[23]

c. "In connection with the **Defendants'** sale and the Plaintiffs' purchase of investments in the Naperville Property, **Defendants** made untrue statements of material fact; . . ."[24]

---

[21] These allegations in ¶¶ 254-255 seem to run counter to Plaintiff's assertion that it would have been wrong for Street to act as a sales agent in Illinois.
[22] Doc. 3 at ¶ 275 (emphasis added).
[23] Doc. 3 at ¶ 284 (emphasis added).
[24] Doc. 3 at ¶ 313 (emphasis added).

d. "***Defendants*** made false statements about vital facts regarding the Naperville Property, including the ***representations within the Marketing Materials*** and the representations made to the Plaintiff."[25]

These are just a few examples. Importantly, one searches the Complaint in vain for any specific allegation that Street sold a security to anyone, let alone to Plaintiff, or that she made any representation of fact to Plaintiff that was false or upon which Plaintiff relied to her detriment.

**III. Argument**

A. The Complaint should be dismissed under Rule 8.

Rule 8(a)(2), Fed. R. Civ. P., requires a Complaint to contain "a short and plain statement of the claim for relief" showing that the Plaintiff is entitled to relief from, in this case, Street.[26] "If a complaint does not comply with Rule 8(a)(2), a court may dismiss it under Rule 41(b) for failure 'to comply with [the Federal Rules of Civil procedure].'"[27]

> To comply with Rule 8(a)(2),
>
> > a complaint must explain what ***each defendant did***...; ***when the defendant did it; how the defendants [sic] actions [caused harm]; and, what specific legal right the plaintiff believes the defendant violate***d.... [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.
>
> *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th

---

[25] Doc. 3 at ¶ 334 (emphasis added).
[26] *See United States ex rel Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1292 (D. Utah 2018).
[27] *Id*. at 1307.

Cir. 2007).[28]

In this case, where there are seven defendants, the pleading standard requires a plaintiff to identify what each defendant did that provides a plausible basis for a claim against the named defendant. But here Plaintiff failed to

> distinguish between individual defendants in [her] claims for relief, nor do[es] [she] state separate claims for relief based on the distinct sets of [facts]. *See Hart v. Salois*, 605 Fed.Appx. 694, 701 (10th Cir. 2015) ("It is not the sheer length of [the] filing, the number of paragraphs, or the number of claims, that triggers the Rule 8 violation. Rather, the culprit is [the plaintiff's] failure to connect his 60 separate claims to the Complaint's hundreds of factual allegations."). In short, Relators leave it to the court to piece together 130 pages of facts to create causes of action as to each individual defendant based on four distinct sets of false statements. *See id.* ("[Plaintiffs'] multiple collective allegations against the defendants and his corresponding failure to identify each individual defendant's culpable actions only exacerbated [the complaint's] defic[i]enc[ies]."). But it is not the court's job to construct causes of action for plaintiffs that are unwilling to do so themselves. *See Glenn*, 868 F.2d at 372.[29]

Plaintiff's Complaint fails the above standard insofar as claims against Street are concerned. As such, it fails to meet the "essential functions of a complaint."[30] The Court should dismiss the Complaint under Rule 41(b) for failure to comply with the provisions of Rule 8(a)(2):

> If a complaint does not comply with Rule 8(a)(2), a court may dismiss it under Rule 41(b) for failure "to comply with [the Federal Rules of Civil Procedure]." Dismissing a case without prejudice under Rule 41(b) for failure to comply with Rule 8(a)(2) allows plaintiffs to hone their claims. *Nasious*, 492 F.3d at 1162. As such, a district court may, without abusing its discretion, enter such orders

---

[28] *Id*. (emphasis added.)
[29] *United States ex rel Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1307-08 (D. Utah 2018).
[30] *See id*.

"without attention to any particular procedures." *Id.*[31]

B. <u>The Complaint should be dismissed under Rule 12(b)(6).</u>

When addressing the motion to dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted against Street. The Rule 8 requirements that the Complaint "contain a short and plain statement of the claim" and that "[e]ach allegation must be simple, concise and direct" dovetail with the 12(b)(6) analysis. The Court in *Stevens-Henager College* explained the standard as follows:

> Where the allegations are merely "label and conclusions" or a "formulaic recitation of the elements of a cause of action," the plaintiff's claim will not survive a motion to dismiss. [*Bell Atl. Corp. v.] Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. For the claim to survive, the plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *[Ashcroft v.] Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). Plausibility, in this context, means that the plaintiff has alleged facts that allow "the court to draw [a] reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. Factual allegations that are "'merely consistent with' a defendant's liability," however, are not facially plausible. *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).
>
> ***Where multiple defendants are involved, "[i]t is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her***." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) **(**quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) ); *see also Bulanda v. A.W. Chesterton Co.*, No. 11 C 1682, 2011 WL 2214010, at *2 (N.D. Ill. June 7, 2011) (dismissing complaint that made a number of generic allegations as to the defendants collectively); *Boykin Anchor Co. v. AT & T Corp.*, No. 5:10-CV-591-FL, 2011 WL 1456388, at *4 (E.D.N.C. Apr. 14, 2011) ("Plaintiff's attempt to treat all

---

[31] *Id.* at 1307 (D. Utah 2018).

defendants as one 'corporate family' for purposes of this lawsuit is unfounded."). "The law recognizes a difference between notice pleading and 'shotgun' pleading." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). As such, "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *Chavez v. Huerfano Cnty.*, 195 Fed.Appx. 728, 730 (10th Cir. 2006).[32]

Plaintiff's Complaint simply fails to meet the pleading requirements under Rules 8, 12 and 41. As such her Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Street respectfully requests that the Court grant her motion and dismiss Plaintiff's Complaint and all claims against her.

DATED this 15th day of April 2024.

STRONG & HANNI

/s/ Stuart H. Schultz

_____
Stuart H. Schultz
*Attorney for Defendant*

---

[32] *United States ex rel Brooks v. Stevens-Henager College*, 305 F.Supp.3d 1279, 1292 (D. Utah 2018) (emphasis added.)

## CERTIFICATE OF SERVICE

I hereby certify that on this Monday, April 15, 2024, I caused the foregoing **Motion to Dismiss** was served by the method indicated below on the following:

| | | |
|---|---|---|
| Stephen K. Christiansen (6512) | ( ) | U.S. Mail, Postage Prepaid |
| Randall S. Everett (18916) | ( ) | Hand Delivery |
| CHRISTIANSEN LAW, PLLC | ( ) | Overnight Mail |
| 311 South State Street, Ste. 250 | ( ) | E-mail |
| Salt Lake City, Utah 84111 | (X) | E-filing Notification |
| Telephone: 801.716.7016 | | |
| Facsimile: 801.716.7017 | | |
| steve@skclawfirm.com | | |
| randy@skclawfirm.com | | |
| *Attorneys for Plaintiffs* | | |

                                                       */s/ Jocelyn Lujan*