Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
sschultz@strongandhanni.com
*Attorney for Defendant*

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT,<br><br>                     Plaintiff,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>                Defendants. | **DEFENDANT MARY STREET'S ANSWER TO AMENDED COMPLAINT**<br><br>Case No.: 2:23-cv-00936-DAO<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Defendant Mary Street answers Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint (hereinafter "AC") fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Answering the allegations of the AC, Defendant admits, denies and alleges as follows:

1.  Defendant Alleges she is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same (hereinafter, "Denies for lack of

information.")

    2.   Denies for lack of information.

    3.   Denies for lack of information.

    4.   Denies for lack of information.

    5. Admits.

    6. Admits.

    7.   Denies for lack of information.

    8.   Denies for lack of information.

    9.   Denies for lack of information.

    10.   Denies for lack of information.

    11.   Denies for lack of information.

    12.   Denies for lack of information.

    13.   Denies for lack of information.

    14.   Denies for lack of information.

    15.   Denies for lack of information.

    16.   Denies for lack of information.

    17.   Denies for lack of information.

    18.   Denies for lack of information.

    19.   Denies for lack of information.

    20.   Denies for lack of information.

    21.   Admits that Plaintiffs refer to the named persons as such and otherwise denies for lack of information.

22.  Admits.

23.  Admits only that CAMS Realty acts as a lease management company with duties that are set forth by contract with the owners for the Naperville Property and otherwise denies.

24.  Denies.

25.  Denies.

26.  Admits.

27.  Admits only that CAMS Realty acts as a lease management company with duties that are set forth by contract and otherwise denies.

28.  Denies for lack of information.

29.  Denies for lack of information.

30.  Paragraph 30 alleges a legal conclusion to which no answer is required. To the extent an answer is required, denies.

31.  Paragraph 31 alleges a legal conclusion to which no answer is required. To the extent an answer is required, denies.

32. Paragraph 32 alleges a legal conclusion to which no answer is required. To the extent an answer is required, denies.

33.  Denies for lack of information.

34.  Denies for lack of information.

35.  Denies for lack of information.

36.  Denies for lack of information.

37.  Denies for lack of information.

38.  Denies for lack of information.

39.  Denies for lack of information.

40.  Denies for lack of information.

41. Denies for lack of information.

42.  Denies for lack of information.

43. Denies for lack of information.

44. Denies for lack of information.

45. Denies for lack of information.

46.  Admits that Plaintiffs refer to the named persons as such and otherwise denies for lack of information.

47.  Admits that Plaintiffs so allege and otherwise denies for lack of information.

48.  Denies for lack of information.

49.  Denies for lack of information.

50.  Denies for lack of information.

51.  Denies for lack of information.

52.  Denies for lack of information.

53.  Denies for lack of information.

54.  Denies for lack of information.

55.  Denies for lack of information.

56.  Denies for lack of information.

57.  Denies for lack of information.

58.  Admits that Plaintiffs so allege and otherwise denies for lack of information.

59.  Admits that Long was a broker for a period of time at CBC Advisors and otherwise

denies for lack of information.

60. Denies for lack of information.

61. Denies for lack of information.

62. Denies for lack of information.

63. Admits, on information and belief, that at some point Colliers bought CBC Advisors.

64. Denies for lack of information.

65. Denies for lack of information.

66. Alleges that the electronic image speaks for itself and otherwise denies for lack of information and belief.

67. Alleges that the electronic image speaks for itself and otherwise denies for lack of information and belief.

68. Denies for lack of information.

69. Alleges that the electronic image speaks for itself and otherwise denies for lack of information and belief.

70. Denies for lack of information.

71. Denies for lack of information.

72. Denies for lack of information.

73. Admits Street is licensed to sell real estate in Utah and otherwise denies for lack of information.

74. Admits Street is not licensed to sell real estate in Illinois and otherwise denies for lack of information.

75. Admits Street is not licensed to sell securities with FINRA and otherwise denies for

lack of information.

76. Denies for lack of information.

77. Denies for lack of information.

78. Paragraph 78 states legal conclusion(s) to which no answer is required. To the extent an answer is required, denies for lack of information.

79. Paragraph 79 states legal conclusion(s) to which no answer is required. To the extent an answer is required, denies for lack of information.

80. Paragraph 80 states legal conclusion(s) to which no answer is required. To the extent an answer is required, denies for lack of information.

81. Denies for lack of information.

82. Denies for lack of information.

83. Denies for lack of information.

84. Denies for lack of information.

85. Denies for lack of information.

86. Denies for lack of information.

87. Denies for lack of information.

88. Denies for lack of information.

89. Denies for lack of information.

90. Denies for lack of information.

91. Denies for lack of information.

92. Denies for lack of information.

93. Denies for lack of information.

94. Denies for lack of information.

95. Denies for lack of information.

96. Denies for lack of information.

97. Admits Plaintiffs so allege and otherwise denies for lack of information.

98. Denies for lack of information.

99. Denies for lack of information.

100. Denies for lack of information.

101. Denies for lack of information.

102. Denies for lack of information.

103. Denies for lack of information.

104. Denies for lack of information.

105. Denies for lack of information.

106. Denies for lack of information.

107. Denies for lack of information.

108. Denies for lack of information.

109. Denies for lack of information.

110. Denies for lack of information.

111. Denies for lack of information.

112. Denies for lack of information.

113. Denies for lack of information.

114. Denies for lack of information.

115. Denies for lack of information.

116. Denies for lack of information.

117. Denies for lack of information.

118. Denies for lack of information.

119. Denies for lack of information.

120. Denies for lack of information.

121. Denies for lack of information.

122. Denies for lack of information.

123. Denies for lack of information.

124. Denies for lack of information.

125. Denies for lack of information.

126. Denies for lack of information.

127. Denies for lack of information.

128. Denies for lack of information.

129. Denies for lack of information.

130. Denies for lack of information.

131. Denies for lack of information.

132. Denies for lack of information.

133. Denies for lack of information.

134. Denies for lack of information.

135. Denies for lack of information.

136. Denies for lack of information.

137. Denies for lack of information.

138. Denies for lack of information.

139. Denies for lack of information.

140. Denies for lack of information.

141. Denies for lack of information.

142. Admits that Plaintiffs so refer to these persons and otherwise denies for lack of information.

143.  Admits that Plaintiffs so alleges and otherwise denies for lack of information.

144. Denies for lack of information.

145. Denies for lack of information.

146. Denies for lack of information.

147. Denies for lack of information.

148. Denies for lack of information.

149. Denies for lack of information.

150. Denies for lack of information.

151. Denies for lack of information.

152. Admits Plaintiff so allege and otherwise denies for lack of information.

153. Denies for lack of information.

154. Denies for lack of information.

155. Denies for lack of information.

156. Denies for lack of information.

157. Denies for lack of information.

158. Denies for lack of information.

159. Denies for lack of information.

160. Denies for lack of information.

161. Denies for lack of information.

162. Denies for lack of information.

163. Denies for lack of information.

164. Denies for lack of information.

165. Denies for lack of information.

166. Denies for lack of information.

167. Denies for lack of information.

168. Denies for lack of information.

169. Denies for lack of information.

170. Denies for lack of information.

171. Denies for lack of information.

172. Denies for lack of information.

173. Denies for lack of information.

174. Denies for lack of information.

175. Denies for lack of information.

176. Denies for lack of information.

177. Denies for lack of information.

178. Denies for lack of information.

179. Denies for lack of information.

180. Denies for lack of information.

181. Denies for lack of information.

182. Denies for lack of information.

183. Denies for lack of information.

184. Denies for lack of information.

185. Denies for lack of information.

186. Denies for lack of information.

187. Denies for lack of information.

188. Denies for lack of information.

189. Denies for lack of information.

190. Denies for lack of information.

191. Denies for lack of information.

192. Denies for lack of information.

193. Denies for lack of information.

194. Denies for lack of information.

195. Denies for lack of information.

196. Denies for lack of information.

197. Denies for lack of information.

198. Denies for lack of information.

199. Denies for lack of information.

200. Denies for lack of information.

201. Denies for lack of information.

202. Denies for lack of information.

203. Denies for lack of information.

204. Denies for lack of information.

205. Denies for lack of information.

206. Denies for lack of information.

207. Denies for lack of information.

208. Denies for lack of information.

209. Denies for lack of information.

210. Denies for lack of information.

211. Denies for lack of information.

212. Denies for lack of information.

213. Denies for lack of information.

214. Denies for lack of information.

215. Denies for lack of information.

216. Denies for lack of information.

217. Denies for lack of information.

218. Denies for lack of information.

219. Denies for lack of information.

220. Denies for lack of information.

221. Denies for lack of information.

222. Denies for lack of information.

223. Denies for lack of information.

224. Denies for lack of information.

225. Denies for lack of information.

226. Denies for lack of information.

227. Denies for lack of information.

228. Denies for lack of information.

229. Denies for lack of information.

230. Denies for lack of information.

231. Denies for lack of information.

232. Denies for lack of information.

233. Denies for lack of information.

234. Denies for lack of information.

235. Admits that CAMS Realty, a contract service provider for the owners, informed the owners the tenant had defaulted and otherwise denies, and denies that there was anything "self-proclaimed" involved.

236. Denies.

237. Defendant Street denied Paragraph 236. As such, Paragraph 237 makes no sense. Further, it alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, Defendant Street denies all allegations of any improper conduct.

238. Admits only that CAMS Realty acts as a lease management company with duties that are set forth by contract with the owners for the Naperville Property and otherwise denies.

239. Denies.

240. Denies.

241. Denies.

242. Denies for lack of information.

243. Denies for lack of information.

244. Denies for lack of information.

245. Denies for lack of information.

246. Denies for lack of information.

247. Denies for lack of information.

248. Denies for lack of information.

249. Denies for lack of information.

250. Denies for lack of information.

251. Denies for lack of information.

252. Denies for lack of information.

253. Denies for lack of information.

254. Denies for lack of information.

255. Denies for lack of information.

256. Denies for lack of information.

257. Denies for lack of information.

258. Denies for lack of information.

259. Denies for lack of information.

260. Admits only that CAMS Realty acts as a lease management company with duties that are set forth by contract with the owners for the Naperville Property, that the TIC agreement which is signed by the owners states that if an owner wants to sell their interest, the lease administrator, CAMS Realty, informs all other owners of the offer to sell, which then gives the other owners a

-14-

15-day right of first refusal to purchase the selling owner's share. Defendant Street denies all other allegations or implications of Paragraph 260.

261. Denies that Plaintiffs have asked for a response to anything and otherwise denies.

262. Denies for lack of information.

263. Denies for lack of information.

264. Denies for lack of information.

265. Denies for lack of information.

266. Denies for lack of information.

267. Denies for lack of information.

268. Denies for lack of information.

269. Denies for lack of information.

270. Denies for lack of information.

271. Denies as to Street and denies for lack of information.

272. Denies for lack of information.

273. Denies for lack of information.

274. Denies for lack of information.

275. Denies for lack of information.

276. Denies for lack of information.

277. Denies for lack of information.

278. Denies for lack of information.

279. Realleges and incorporates herein the answers to the preceding allegations of the AC.

280. Paragraph 280 alleges legal conclusion(s) to which no answer is required. To the

extent an answer is required, denies.

281. Denies for lack of information.

282. Denies.

283. Denies.

284. Denies.

285. Denies as to Street and otherwise denies for lack of information.

286. Denies as to Street and otherwise denies for lack of information.

287. Denies as to Street and otherwise denies for lack of information.

288. Denies for lack of information.

289. Denies.

290. Paragraph 290 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

291. Denies.

292. Denies.

293. Realleges and incorporates herein the answers to the preceding allegations of the AC.

294. Paragraph 294 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

295. Denies for lack of information.

296. Paragraph 294 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

297. Paragraph 294 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

298. Denies.

299.Denies.

300. Realleges and incorporates herein the answers to the preceding allegations of the AC.

301. Denies for lack of information.

302. Denies for lack of information.

303. Denies for lack of information.

304. Denies for lack of information.

305. Denies for lack of information.

306. Denies for lack of information.

307. Denies for lack of information.

308. Denies for lack of information.

309. Denies for lack of information.

310. Denies for lack of information.

311. Denies for lack of information.

312. Realleges and incorporates herein the answers to the preceding allegations of the AC.

313. Paragraph 313 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

314. Paragraph 314 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

315. Denies as to Street and otherwise denies for lack of information.

316. Denies as to Street and otherwise denies for lack of information.

317. Denies as to Street and otherwise denies for lack of information.

318. Denies as to Street and otherwise denies for lack of information.

319. Paragraph 319 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

320. Denies.

321. Realleges and incorporates herein the answers to the preceding allegations of the AC.

322. Paragraph 322 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

323. Denies as to Street and otherwise denies for lack of information.

324. Denies as to Street and otherwise denies for lack of information.

325. Denies as to Street and otherwise denies for lack of information.

326. Denies.

327. Realleges and incorporates herein the answers to the preceding allegations of the AC.

328. Denies for lack of information.

329. Denies for lack of information.

330. Denies for lack of information.

331. Denies for lack of information.

332. Denies for lack of information.

333. Denies for lack of information.

334. Denies for lack of information.

335. Denies.

336. Realleges and incorporates herein the answers to the preceding allegations of the AC.

337. Denies as to Street and otherwise denies for lack of information.

338. Denies as to Street and otherwise denies for lack of information.

339. Denies as to Street and otherwise denies for lack of information.

340. Denies for lack of information.

341. Denies for lack of information.

342. Denies.

343. Denies.

344. Realleges and incorporates herein the answers to the preceding allegations of the AC.

345. Paragraph 345 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

346. Denies as to Street and otherwise denies for lack of information.

347. Paragraph 347 alleges legal conclusion(s) to which no answer is required. To the extent an answer is required, denies.

348. Denies as to Street and otherwise denies for lack of information.

349. Denies as to Street and otherwise denies for lack of information.

350. Denies as to Street and otherwise denies for lack of information.

351. Denies as to Street and otherwise denies for lack of information.

352. Denies as to Street and otherwise denies for lack of information.

353. Denies for lack of information.

354. Denies for lack of information.

355. Denies.

356. Realleges and incorporates herein the answers to the preceding allegations of the AC.

357. Denies as to Street and otherwise denies for lack of information.

358. Denies as to Street and otherwise denies for lack of information.

359. Denies as to Street and otherwise denies for lack of information.

360. Denies as to Street and otherwise denies for lack of information.

361. Denies as to Street and otherwise denies for lack of information.

362. Denies as to Street and otherwise denies for lack of information.

363. Denies as to Street and otherwise denies for lack of information.

364. Denies as to Street and otherwise denies for lack of information.

365. Denies as to Street and otherwise denies for lack of information.

366. Denies.

367. Denies.

368. Denies.

369. Denies.

370. Realleges and incorporates herein the answers to the preceding allegations of the AC.

371. Denies.

372. Denies.

373. Denies.

374. Denies.

375. Denies.

376. Denies.

377. Realleges and incorporates herein the answers to the preceding allegations of the AC.

378. Denies.

379. Denies.

380. Denies.

381. Denies for lack of knowledge.

382. Denies for lack of knowledge.

383. Denies for lack of knowledge.

384. Denies.

385. Denies.

386. Realleges and incorporates herein the answers to the preceding allegations of the AC.

387. Denies as to Street and otherwise denies for lack of information.

388. Denies as to Street and otherwise denies for lack of information.

389. Denies as to Street and otherwise denies for lack of information.

390. Denies as to Street and otherwise denies for lack of information.

391. Denies.

392. Denies.

## THIRD DEFENSE

Denies all allegations in the AC not specifically admitted herein, including all allegations in the Demand For Relief.

## FOURTH DEFENSE

As separate and affirmative defenses, Defendant alleges that Plaintiffs' AC is barred under Rule 8(a)(2), Fed. R. Civ. P., for failing to contain a short and plain statement of the claim for relief showing that Plaintiffs are entitled to relief from Defendant Street, and specifically what Street did, when she did it, how her actions caused harm, and what specific legal right she

violated.

## FIFTH DEFENSE

As separate and affirmative defenses, Defendant alleges that Plaintiffs' claims are barred for failure to plead with the particularity required under Rule 9(b), Fed. R. Civ. P., with respect to all fraud-based claims or claims based on misrepresentation.

## SIXTH DEFENSE

As separate and affirmative defenses, Defendant alleges that Plaintiffs' claims are or may be barred by Reason of Plaintiffs' unclean hands, bad faith, wrongful conduct, for failure to do equity.

## SEVENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred because Defendant acted in good faith and reasonably and has performed all terms of contractual obligations.

## EIGHTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred to the extent they failed to name an indispensable party.

## NINTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred to the extent the evidence may show a failure to mitigate damages.

## TENTH DEFENSE

As a separate and affirmative defenses, Defendant alleges that Plaintiffs' claims are barred because Defendant Street did not sell a security or real estate to Plaintiffs and Plaintiffs did not rely on any statement made by Defendant Street in allegedly purchasing a security or anything

else.

## ELEVENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred because Plaintiffs' damages, if any, are the result of Plaintiffs' own actions or omissions, or the actions or omissions of third parties over whom Defendant Street had no control or right of control or other conditions not subject to this Defendant's control.

## TWELFTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims fail to meet the legal or factual standard for recovery of punitive damages, including without limitation under the Constitution and statutory provisions of the State of Utah and the Constitution of the United States.

## THIRTEENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that to the extent Plaintiffs' claims may be determined to be without merit and not asserted in good faith as set forth under Utah Code Ann. § 78B-5-825, Defendant Street is entitled to an award of reasonable attorneys' fees.

## FOURTEENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred to the extent thay are shown to have failed to perform their contractual obligations.

## FIFTEENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred to the extent the economic loss doctrine may apply.

## SIXTEENTH DEFENSE

As separate and affirmative defenses, Defendant alleges that Plaintiffs' claims are or may be barred by one or more statute of limitations, including without limitation Utah Code Ann. §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(4), and 78B-2-309(1)(b).

## SEVENTEENTH DEFENSE

As separate and affirmative defenses, Defendant alleges that Plaintiffs' claims are or may be barred by the doctrines of accord and satisfaction, estoppel, release, consent, laches, ratification, offset, lack of consideration, no fiduciary relationship, and waiver.

## EIGHTTEENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that with respect to Plaintiffs' claims under Section 10(b) of the Exchange Act, recovery is limited to the percentage of responsibility of the Defendant, if any, (which responsibility is denied), pursuant to the Proportionate Liability provisions of 15 U.S.C. § 78u-4(f).

## NINETEENTH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' damages are subject to and limited by the provisions of 15 U.S.C. § 78u-4(e).

## TWENTIETH DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred because the alleged securities are not "securities," as defined under federal or state law, or if they are deemed securities, are exempt from any state or federal registration requirements.

## TWENTY-FIRST DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred by and subject to the provisions of Utah Code Ann. §§ 78B-5-817 through -823 and that

Defendant's fault, if any (which fault is expressly denied) is limited to the percentage share attributable to Defendant and that Plaintiffs' fault is greater than or equal to any fault of all other defendants. This defendant also asks that the fault of any non-parties be apportioned on a special verdict.

### TWENTY-SECOND DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because this Defendant lacked the necessary knowledge, intent, willfulness, or scienter to be liable.

### TWENTY-THIRD DEFENSE

Defendant reserves the right to assert additional defenses as the case proceeds.

DATED this 28th day of May 2024.

STRONG & HANNI

*/s/ Stuart H. Schultz*

By _____

Stuart H. Schultz
*Attorney for Defendant Street*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this Tuesday, May 28, 2024, I caused the foregoing **DEFENDANT MARY STREET'S ANSWER TO AMENDED COMPLAINT** was served by the method indicated below on the following:

Stephen K. Christiansen (6512)　　( )　U.S. Mail, Postage Prepaid
Randall S. Everett (18916)　　　　( )　Hand Delivery
CHRISTIANSEN LAW, PLLC　　　( )　Overnight Mail
311 South State Street, Ste. 250　　( )　E-mail
Salt Lake City, Utah 84111　　　　(X)　E-filing Notification
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com
*Attorneys for Plaintiffs*

Bentley J. Tolk　　　　　　　　　( )　U.S. Mail, Postage Prepaid
Rodger Moore Burge　　　　　　　( )　Hand Delivery
Terry E. Welch　　　　　　　　　( )　Overnight Mail
PARR BROWN GEE & LOVELESS　( )　E-mail
101 S 200 E STE 700　　　　　　　(X)　E-filing Notification
SALT LAKE CITY, UT 84111
(801) 532-7840
btolk@parrbrown.com
rburge@parrbrown.com
twelch@parrbrown.com
*Attorneys for Kevin Long and*
*Millcreek Commercial Properties*
*LLC, Brent Smith*

Andrew V. Wright　　　　　　　　( )　U.S. Mail, Postage Prepaid
David B. Nielson　　　　　　　　　( )　Hand Delivery
James D. Gilson　　　　　　　　　( )　Overnight Mail
DENTONS DURHAM JONES &　　　( )　E-mail
PINEGAR　　　　　　　　　　　　(X)　E-filing Notification
3301 N. Thanksgiving Wy Ste 400
Lehi, Utah 84043
Andy.wright@dentons.com
David.nielson@dentons.com
James.gilson@dentons.com

*Attorneys for Colliers International*

| | | |
|---|---|---|
| J. Ryan Mitchell | ( ) | U.S. Mail, Postage Prepaid |
| Christopher A. Langston | ( ) | Hand Delivery |
| Mika Hillery | ( ) | Overnight Mail |
| MITCHELL BARLOW & | ( ) | E-mail |
| MASFIELD PC | (X) | E-filing Notification |

9 Exchange Pl Ste 600
Salt Lake City, Utah 84111
rmitchell@mbmlawyers.com
clangstron@mbmlawyers.com
mhillery@mbmlawyers.com
*Attorneys for Blake McDougal*

| | | |
|---|---|---|
| | ( ) | U.S. Mail, Postage Prepaid |
| Justin T. Toth | ( ) | Hand Delivery |
| Maria E. Windham | ( ) | Overnight Mail |
| Nathan L. Jepson | ( ) | E-mail |
| RAY QUINNEY & NEBEKER PC | (X) | E-filing Notification |

36 S. State St. STE 1400
PO Box 45385
Salt Lake City, Utah 84145
Jtoth@rqn.com
mwindham@rqn.com
njepson@rqn.com
*Attorneys for Spencer Taylor*

/s/ Jocelyn Lujan