Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT and KARMANN KASTEN, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET, <br><br> Defendants. | **STIPULATED SCHEDULING ORDER** <br><br> 2:23-cv-00936-DBB-DAO <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pursuant to the Scheduling Order dated March 15, 2024, which required that a complete proposed scheduling order be submitted by May 15, 2024, if this case were not consolidated into another case by that date, the parties hereby submit this completed proposed scheduling order.

**1.      PRELIMINARY MATTERS                                                                    DATE**

1

Nature of claims and any affirmative defenses:

Nature of claims and any affirmative defenses:
Plaintiff Kate Grant asserts claims against the above-named defendants based on misrepresentations, omissions, and conduct related to her investment in a Tenant In Common arrangement associated with real property in Naperville, Illinois. The Complaint alleges federal and state securities violations, common law fraud and negligent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting tortious conduct, and unjust enrichment. Plaintiff seeks actual and statutory damages, punitive or exemplary damages, attorney fees, and costs in an amount to be proven at trial, plus interest as set forth by applicable statutes or case law, and all other applicable relief by statute, at law, in equity, or otherwise.

Defendant Mary Street ("Street") defends (1) on the basis that she did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Street's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith") defend (1) on the basis that they did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Long, Millcreek and Smith's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendant Spencer Taylor's ("Taylor") response and affirmative defenses will be set forth in detail in his Answer to Plaintiffs' Complaint that will be filed on April 1, 2024. Taylor's Answer will defend on the grounds that (1) he did not engage in the wrongful conduct alleged by Plaintiff; and (2) that Plaintiff's claims are otherwise without merit or fail to state a claim against him for which relief can be granted.

Defendant Blake McDougal ("McDougal") defends on the basis that he did not engage in the wrongful conduct alleged by Plaintiff; that Plaintiff's claims are barred for the reasons set forth in McDougal's Answer and Affirmative Defenses; and that Plaintiff's claims are otherwise without merit.

Defendant Colliers International defends on the basis that it did not engage in the wrongful conduct as alleged by Plaintiffs and for the other reasons set forth in Colliers' Answer and affirmative defenses contained therein; and that Plaintiffs' claims are otherwise without merit.

|     |                                                                                   |         |
| --- | --------------------------------------------------------------------------------- | ------- |
| a.  | Date the Rule 26(f)(1) conference was held?                                       | 2/29/24 |
|     |                                                                                   | 5/14/24 |
| b.  | Have the parties submitted the Attorney Planning Meeting Report?                  | 3/14/24 |
| c.  | Deadline for 26(a)(1) initial disclosures? (Completed)                            | 4/23/24 |

**2.** **DISCOVERY LIMITATIONS** **NUMBER**

| | | |
|---|---|---|
| a. | Maximum number of depositions by Plaintiff(s): | 25 |
| b. | Maximum number of depositions by Defendant(s): | 25 |
| c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | 7 |
| d. | Maximum interrogatories by any party to any party: | 25 |
| e. | Maximum requests for admissions by any party to any party: | 10 |
| f. | Maximum requests for production by any party to any party: | 25 |

g. The parties shall handle discovery of electronically stored information as follows: Production may be made in PDF format. A party may request a specific document in native format after reviewing the PDF documents produced.

h. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: Per Fed. R. Evid. 502(d).

| | | | |
|---|---|---|---|
| | i. | Last day to serve written discovery: | 11/11/24 |
| | j. | Close of fact discovery: | 1/10/25 |
| | k. | (*optional*) Final date for supplementation of disclosures and discovery under Rule 26(e): | <u>*00/00/00*</u> |
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last day to file Motion to Amend Pleadings: | 10/3/24 |
| | b. | Last day to file Motion to Add Parties: | 10/3/24 |
| **4.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identity of experts)** | | |
| | a. | Party(ies) bearing burden of proof: | 1/24/25 |
| | b. | Counter disclosures: | 2/14/25 |
| | **Reports** | | |
| | a. | Party(ies) bearing burden of proof: | 2/21/25 |
| | b. | Counter reports: | 3/21/25 |
| **5.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | 4/25/25 |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | 5/9/25 |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | 5/9/25 |
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| | a. | Likely to request referral to a magistrate judge for settlement conference: <u>*Yes/**No***</u> | N/A |
| | b. | Likely to request referral to court-annexed arbitration: <u>*Yes/**No***</u> | N/A |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |   |
|---|---|---|---|---|
| c. | Likely to request referral to court-annexed mediation: | | *Yes/No* | *00/00/00* |
| d. | The parties will complete private mediation/arbitration by: | | | *00/00/00* |
| e. | Evaluate case for settlement/ADR on: | | | N/A |
| f. | Settlement probability: | | | Fair |

*Specify # of days for Bench or Jury trial as appropriate.*
*The Court will complete the shaded areas.*

**7. TRIAL AND PREPARATION FOR TRIAL**     **TIME**     **DATE**

    a. Rule 26(a)(3) pretrial disclosures[1]

        Plaintiff(s):     *00/00/00*

        Defendant(s):     *00/00/00*

    b. Objections to Rule 26(a)(3) disclosures     *00/00/00*
       (if different than 14 days provided in Rule)

    c. Special Attorney Conference[2] on or before:     *00/00/00*

    d. Settlement Conference[3] on or before:     *00/00/00*

    e. Final Pretrial Conference:     ___:___ _.m.     *00/00/00*

    f. Trial     Length

        i. Bench Trial     *# days*     ___:___ _.m.     *00/00/00*

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[2] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

|  |  |  |  |
|---|---|---|---|
| ii. Jury Trial | 3 days | ___:__ _.m. | *00/00/00* |

**8. OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

Signed May 15, 2024

BY THE COURT:

_____
U.S. Magistrate Judge

CHRISTIANSEN LAW, PLLC

By: __/s/ Stephen K. Christiansen__ / 05/15/2024__
    Stephen K. Christiansen    Date
    Randall S. Everett
    Attorneys for Plaintiffs

PARR BROWN GEE & LOVELESS

By: __/s/ Rodger Burge_____ / 05/15/2024__
    Terry E. Welch                Date
    Bentley J. Tolk
    Rodger Burge
    Attorneys for Defendants Kevin Long, Millcreek
     Commercial Properties, LLC, and Brent Smith
    *(Signed electronically with permission)*

DENTONS DURHAM JONES & PINEGAR PC

By: __/s/ James D. Gilson_____ / 05/15/2024__
    James D. Gilson            Date
    Andrew V. Wright
    David B. Nielson
    Attorneys for Defendant Colliers International
    *(Signed electronically with permission)*

RAY QUINNEY & NEBEKER

By:    /s/ Maria E. Windham     / 05/15/2024
      Justin T. Toth                     Date
      Maria E. Windham
      Nathan L. Jepson
      Attorneys for Defendant Spencer Taylor
      *(Signed electronically with permission)*

MITCHELL BARLOW & MANSFIELD PC

By:    /s/ J. Ryan Mitchell       / 05/15/2024
      J. Ryan Mitchell               Date
      Christopher A. Langston
      Mika Hillery
      Attorneys for Defendant Blake McDougal
      *(Signed electronically with permission)*

STRONG & HANNI

By:    /s/ Stuart H. Schultz     / 05/15/2024
      Stuart H. Schultz
      Attorneys for Defendant Mary Street
      *(Signed electronically with permission)*