UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KATE GRANT; and KARMANN KASTEN, LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>             Defendants. | **AMENDED SCHEDULING ORDER**<br><br>Case No. 2:23-cv-00936<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The parties filed a stipulated motion for amended scheduling order, (Doc. No. 75).  Based on the parties' stipulation and for good cause shown, the motion is GRANTED and the case schedule is amended as follows. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6 and 16(b)(4).

**** ALL DEADLINES 11:59 P.M. UNLESS OTHERWISE INDICATED ****

| 1. | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|
| | Nature of claims and any affirmative defenses: Plaintiff Kate Grant asserts claims against the above-named defendants based on misrepresentations, omissions, and conduct related to her investment in a Tenant In Common arrangement associated with real property in Naperville, Illinois. The Complaint alleges federal and state securities violations, common law fraud and negligent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting tortious conduct, and unjust enrichment. Plaintiff seeks actual and statutory damages, punitive or exemplary damages, attorney fees, and costs in an amount to be proven at trial, plus interest as set forth by applicable statutes or case | |

law, and all other applicable relief by statute, at law, in equity, or otherwise.

Defendant Mary Street ("Street") defends (1) on the basis that she did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Street's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendants Kevin Long ("Long"), Millcreek Commercial Properties, LLC ("Millcreek"), and Brent Smith ("Smith") defend (1) on the basis that they did not engage in the wrongful conduct alleged by Plaintiff; (2) for the reasons that will be set forth in Long, Millcreek and Smith's Answer and the affirmative defenses that will be set forth in that Answer; and (3) on the basis that Plaintiff's claims are otherwise without merit.

Defendant Spencer Taylor's ("Taylor") response and affirmative defenses will be set forth in detail in his Answer to Plaintiffs' Complaint that will be filed on April 1, 2024.  Taylor's Answer will defend on the grounds that (1) he did not engage in the wrongful conduct alleged by Plaintiff; and (2) that Plaintiff's claims are otherwise without merit or fail to state a claim against him for which relief can be granted.

Defendant Blake McDougal ("McDougal") defends on the basis that he did not engage in the wrongful conduct alleged by Plaintiff; that Plaintiff's claims are barred for the reasons set forth in McDougal's Answer and Affirmative Defenses; and that Plaintiff's claims are otherwise without merit.

Defendant Colliers International defends on the basis that it did not engage in the wrongful conduct as alleged by Plaintiffs and for the other reasons set forth in Colliers' Answer and affirmative defenses contained therein; and that Plaintiffs' claims are otherwise without merit.

|   | | |
|---|---|---|
| a. | Date the Rule 26(f)(1) conference was held? | *2/29/24 (additional conference held on 5/14/24)* |
| b. | Have the parties submitted the Attorney Planning Meeting Report? | *3/14/24* |
| c. | Deadline for 26(a)(1) initial disclosures? | *4/23/24* |

**2.       DISCOVERY LIMITATIONS**                                                **NUMBER**

|   | | |
|---|---|---|
| a. | Maximum number of depositions by Plaintiff(s): | *25* |
| b. | Maximum number of depositions by Defendant(s): | *25* |
| c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | *7* |
| d. | Maximum interrogatories by any party to any party: | *25* |
| e. | Maximum requests for admissions by any party to any party: | *10* |
| f. | Maximum requests for production by any party to any party: | *25* |
| g. | The parties shall handle discovery of electronically stored information as follows: Production may be made in PDF format. A party may request a specific document in native format after reviewing the PDF documents produced. | |
| h. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: Per Fed. R. Evid. 502(d). | |
| i. | Last day to serve written discovery: | *11/11/24* |
| j. | Close of fact discovery: | *1/10/25* |

| | | | |
|---|---|---|---|
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES[1]** | **DATE** |
| | a. | Last day to file Motion to Amend Pleadings: | *10/3/24* |
| | b. | Last day to file Motion to Add Parties: | *10/3/24* |
| **4.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |

**Disclosures (subject and identity of experts)**

| | | | |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | *1/24/25* |
| | b. | Counter disclosures: | *2/14/25* |

**Reports**

| | | | |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | *2/21/25* |
| | b. | Counter reports: | *3/21/25* |
| **5.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | *4/25/25* |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | *5/9/25* |
| | c. | If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date: | *5/15/25* |
| | d. | No deadline for motions to exclude expert testimony is set at this point. This deadline will be included in Judge Barlow's trial orer. | |
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| | a. | Likely to request referral to a magistrate judge for settlement conference: | ***No*** |
| | b. | Likely to request referral to court-annexed arbitration: | ***No*** |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

<table>
<tr><td>c.</td><td>Likely to request referral to court-annexed mediation:</td><td><strong><em>No</em></strong></td></tr>
<tr><td>d.</td><td>The parties will complete private mediation/arbitration (if any) by:</td><td><em>No deadline</em></td></tr>
<tr><td>e.</td><td>Evaluate case for settlement/ADR on:</td><td><em>1/10/25</em></td></tr>
<tr><td>f.</td><td>Settlement probability:</td><td><strong><em>Fair</em></strong></td></tr>
</table>

**7.     TRIAL AND PREPARATION FOR TRIAL**

a.   After the court issues an order on the summary judgment motion(s), if there is anything left to litigate, the court will set a scheduling hearing to set a trial date and to ask the parties if they want a referral for a settlement conference.

**8.     OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 2nd day of July, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge