Justin T. Toth (8438)
Maria E. Windham (10761)
Nathan L. Jepson (17141)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
Email: jtoth@rqn.com
       mwindham@rqn.com
       njepson@rqn.com

*Attorneys for Defendant Spencer Taylor*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATE GRANT, and KARMANN KASTEN, LLC<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **DEFENDANT SPENCER TAYLOR'S MOTION TO STAY DEPOSITION**<br><br>Case No. 2:23-CV-00936-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Spencer Taylor, by and through his undersigned counsel and pursuant to Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure and DUCivR 30-1(d), hereby moves for a protective order to stay his deposition currently noticed for August 13, 2024 (the "Deposition"). As explained below, Mr. Taylor seeks a protective order to prevent him from potentially having to sit for three separate depositions in three separate matters that involve the same common questions of fact, even while a motion to consolidate is pending.

Mr. Taylor is currently a named defendant in three separate lawsuits in the United States District Court for the District of Utah, including *Chris Wilson v. Kevin Long, et. al.*, Case No. 2:23-cv-599-HCN-JCB (the "Wilson Case"); *Patti Klair v. Kevin Long, et. al.*, Case No. 2:23-cv-407 (the "Klair Case"); and the above-captioned matter, *Kate Grant v. Kevin Long, et. al.*, Case No. 2:23-cv-936-DAO (the "Grant Case") (collectively, the "Millcreek Cases"). Each of the Millcreek Cases were filed in a period of approximately 7 months, and many of the allegations across all three cases are word-for-word identical. On April 29, 2024, Mr. Taylor joined other defendants in filing a Joint Motion to Consolidate (the "Motion to Consolidate") in the Klair Case. Other parties to the Motion include Kevin Long, Millcreek Commercial, LLC, Colliers International, Andrew Bell, Trevor Weber, Blake McDougal, Scott Rutherford, Equity Summit Group, and Elevated 1031 (collectively, the "Motion Defendants"). *See* Docket No. 57.

The Motion is currently pending before the Court in the Klair Case. For the reasons set forth in the Motion, the cases should be consolidated under each of the factors identified in DUCivR 42-1, because they: (1) "arise from substantially the same transaction or event"; (2) "involve substantially the same parties or property"; (3) "call for determination of substantially the same questions of law"; and (4) "would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."

Fact discovery in this case concludes on **January 10. 2025.** Although the Motion to Consolidate is still pending, counsel for Ms. Grant has pushed forward with discovery in this case, including by issuing multiple sets of discovery requests and demanding deposition dates (while the other Millcreek Cases have not done so). In the meantime, Mr. Taylor has responded to written discovery requests in good faith, including by providing written responses and producing documents on June 24, 2024, providing written responses to a second set of discovery requests on

2

July 8, 2024, and preparing a second production of documents to be produced later this week. In the process, Ms. Grant's counsel has refused to grant reasonable extensions for production of documents and has repeatedly demanded that the parties schedule a deposition for Mr. Taylor.

On July 10, 2024, counsel for Motion Defendants provided written notice that they would object to scheduling depositions until the Motion to Consolidate has been resolved. As explained by Motion Defendants' counsel, proceeding with depositions would undermine one of the goals and purpose of the Motion to Consolidate—to prevent unnecessary, significant, and duplicative costs. In response, Ms. Grant's counsel refused to wait until the Motion to Consolidate has been resolved and immediately sent a deposition notice to Mr. Taylor for August 13, 2024 (the "Notice"). A copy of the Notice is attached as Exhibit A.

There is ample time in the current Scheduling Order to allow the Court to rule on the pending Motion to Consolidate and for plaintiff to complete Mr. Taylor's deposition.  Plaintiff chose to file her case separately from other then-pending Millcreek cases while, at the same time, simply copying many of the allegations from those cases into her own Complaint.  As a result, Ms. Grant's claims extensively overlap with the claims asserted by the plaintiffs in the other Millcreek Cases, thereby making her claims largely co-extensive. Mr. Taylor should not be unfairly prejudiced by Plaintiff's tactical decisions to benefit herself.

Mr. Taylor respectfully requests that the Court grant a protective order to stay the Deposition until the Motion to Consolidate has been resolved to protect him from unnecessary and duplicative depositions in multiple Millcreek Cases. There is no prejudice to Plaintiff to being required to await the Court's ruling on the Motion to Consolidate.

DATED this 16th day of July 2024.

                                                  **RAY QUINNEY & NEBEKER P.C.**

                                                  */s/ Nathan L. Jepson*
                                                  Justin T. Toth
                                                  Maria E. Windham
                                                  Nathan L. Jepson

                                                  *Attorneys for Defendant Spencer Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2024, a true and correct copy of the foregoing **DEFENDANT SPENCER TAYLOR'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF DISCOVERY REQUESTS** was filed electronically with the Court using the CM/ECF system which automatically provides notice to counsel of record.

/s/ Brandy Sears