Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT and KARMANN KASTEN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANT SPENCER TAYLOR'S SHORT FORM DISCOVERY MOTION TO STAY DEPOSITION**<br><br>Civil No. 2:23-CV-00936-DAO<br><br>Magistrate Judge Daphne A. Oberg |

The motion should be denied for the following reasons:

**The Court already ordered the parties to move forward.** When preparing the scheduling order, Defendants sought to delay discovery based on their consolidation motion. The Court ordered the parties to "file a complete proposed scheduling order by May 15, 2024, if the case is not consolidated by that date." (Dkt. 50). When the case was not, an Amended Scheduling Order was stipulated and accepted by the Court and governs discovery in this case. Taylor has not shown under the law of the case doctrine why the Court's decision should be revisited. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (factors for reversing prior decision).

**The discovery period was stipulated by the parties as necessary for all discovery to be undertaken.** It is no answer now to say discovery should wait. The parties have collectively identified 25 witnesses and the time agreed is necessary to interview or depose them all and get all relevant documents they may have.

**Staying this deposition would unnecessarily delay discovery and prejudice Plaintiffs.** The consolidation motion is in another case. There is no telling when a ruling will issue. This case should not wait while another judge considers. Plaintiffs have lost six figures to these defendants and are entitled to move their case forward now. Plaintiffs will be prejudiced with insufficient time to conduct discovery if they are shortchanged their agreed discovery period, and they do not intend to extend when there is sufficient time already allotted for discovery.

**Other depositions are already moving forward in this case.** Defendant Street's deposition is August 12. Defendant Millcreek's deposition is August 30. This cuts against staying any other Defendant's deposition.

**There is no substantial overlap with other pending cases.** The *Wilson* case is in a different procedural posture altogether, with no overlap of witnesses on the same subject matter. The *Klair* case involves different properties; none of the plaintiffs there made an investment with respect to the Illinois property that is at issue here. This has been extensively briefed in connection with the motion to consolidate, which is opposed by the plaintiffs in all three cases.

**This is not the place to relitigate the consolidation motion.** Taylor's arguments amount to a collateral attempt to litigate the motion to consolidate already pending before a different court. That is improper. Plaintiffs' briefing there is incorporated here.

**Taylor will be required to answer questions from all interested parties regardless.**

Taylor must answer questions from each plaintiff regardless whether the cases are consolidated. It is best for Plaintiffs here to get in, get their discovery focused on this case, and get out, without being dragged through discovery on unrelated parties and subjects.

The Court should deny the motion.

DATED this 29th day of July, 2024.

                CHRISTIANSEN LAW, PLLC

                By:     /s/ Stephen K. Christiansen
                    Stephen K. Christiansen
                    Randall S. Everett
                    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2024, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system.

                /s/ Stephen K. Christiansen