Stephen K. Christiansen (6512)
Joshua B. Cutler (16434)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
josh@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| KATE GRANT and KARMANN KASTEN, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **SHORT FORM DISCOVERY MOTION**<br><br>Civil No. 2:23-cv-00936-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiffs move under DUCivR 37-1(b) for a protective order governing the deposition of Kate Grant individually and as representative of her solely owned company Karmann Kasten, LLC. This case seeks recovery of losses sustained when Ms. Grant was induced to invest in overvalued and misrepresented property. Ms. Grant used her LLC as the investment vehicle; she is its sole member and manager. Ms. Grant should sit for one deposition, not two, but defendants Kevin Long and Millcreek Commercial Properties, LLC (collectively "Millcreek") will not accommodate her reasonable requests.

Holding two separate depositions would be unnecessarily duplicative because Ms. Grant's interests are exactly aligned with that of her solely owned company. Any question put to either one of them would be answered the same way, and the knowledge of the deponent is the same. Plaintiffs are therefore also justly concerned that the proposed second deposition would be used simply to ask Ms. Grant up to 14 hours of questions instead of 7.

Her deposition was scheduled for January 15, 2025. However, Millcreek insists they get another shot at deposing her on another day with another round of questions.

Ms. Grant lives in Ohio and travels frequently for work. Traveling back and forth plus staying in Utah for two consecutive days besides is very difficult if not impossible for her.[1] She would miss four days of work plus pay for extra housing, food, and other travel expenses.

Counsel certifies they met and conferred through email and multiple phone calls on January 8-9, 2025. Plaintiffs proposed one deposition be taken and that Ms. Grant could start early and end late and even go beyond the 7 hours if needed to complete it in one day. Plaintiffs alternatively proposed that Ms. Grant be deposed in person on January 15 and then virtually on another date, even allowing for up to 14 hours. But Millcreek insists that Ms. Grant sit in Salt Lake City for two full days of depositions. This is unreasonable and unjustifiable.

Notably, Millcreek earlier in this litigation insisted that its corporate representative Kevin Long be deposed simultaneously with his individual deposition – the exact opposite of its position now. Millcreek backed off only when another defendant, Colliers, insisted that they be taken separately. But that situation was different because Mr. Long was a principal in a multiperson company, so his personal knowledge did not necessarily completely overlap with his

---

[1] Counsel can discuss Ms. Grant's work situation more fully at the hearing under protective order or *in camera*.

company's as here. Notably, counsel for defendant Mary Street has agreed that a solely held company can fairly be deposed at the same time as the sole individual owner/manager.

For these reasons, the Court should grant this Short Form Discovery Motion.

DATED this 9th day of January 2025.

CHRISTIANSEN LAW, PLLC

By:      /s/ Stephen K. Christiansen
Stephen K. Christiansen
Joshua B. Cutler
Randall S. Everett
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January 2025, I caused a true and correct copy of the within and foregoing document to be filed via the Court's electronic filing system, which automatically provides notice to counsel of record.

     /s/ Stephen K. Christiansen