Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Defendants Kevin Long
and Millcreek Commercial Properties, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KATE GRANT and KARMANN KASTEN, LLC,<br><br>Plaintiffs,<br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **RESPONSE IN OPPOSITION TO PLAINTIFFS' SHORT FORM DISCOVERY MOTION**<br><br>Case No: 2:23-cv-00936-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Kevin Long and Millcreek Commercial Properties, LLC (collectively, "Long") respond to Plaintiffs' Short Form Discovery Motion. (Dkt. 94, the "Motion"). As communicated to counsel for Plaintiffs before the Motion was filed, Long is willing to combine the depositions of Plaintiffs Kate Grant ("Grant") and Karmann Kasten, LLC ("Karmann"). During the meet and confer, Plaintiffs offered to extend the combined deposition to up to 14 hours if the second day

would not be in-person and consecutive. The dispute is over whether Defendants can continue taking the combined deposition in person during a second consecutive day.

Grant and Karmann constitute two separate plaintiffs – regardless of whether Plaintiffs are correct that their interests are "aligned," and Long is entitled to ask questions about the structure of Karmann and the relationship between Grant and Karmann. Since the combined deposition involves two separate plaintiffs, Long and the other Defendants should be able to take up to 14 hours – on consecutive, in-person days – to pose questions to Grant and Karmann.

Good cause also exists for up to 14 hours of in-person deposition time on consecutive days because (1) the Amended Complaint in this case is 64 pages long, with twelve causes of action and 392 paragraphs of allegations involving complex securities law issues; and (2) Plaintiffs' deposition will involve questions posed by six lawyers – from six different law firms – representing Defendants. *See* FRCP 30(d)(1) (the "court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent"); *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (noting that "[i]n deciding whether there has been a fair examination, the court may consider . . . the need for each party to examine the witness in multi-party cases.")

Plaintiffs' insistence that the combined deposition be completed in one day is unreasonable. With six different lawyers asking questions regarding a 64-page Amended Complaint, it would be unrealistic to expect the combined deposition to be completed in one long day. The combined deposition will likely last close to 14 hours, as the six defense attorneys explore the twelve causes of action at issue. To force a court reporter and counsel for Defendants to complete close to 14 deposition hours in one day would not be feasible.

Even if Grant were correct (which she has not demonstrated) that it would be "very difficult" for her to be available in Utah for two consecutive days, such difficulty would not excuse her from making herself available in Utah on two consecutive days for the combined deposition. Should this case go to trial, Grant will be required to be in Utah for multiple consecutive days or even consecutive weeks. Grant chose the forum in this case, and Grant is obligated to spend consecutive days in Utah for up to 14 hours to complete the combined deposition. The Motion should be denied.

DATED this 16th day of January, 2025.

                                          PARR BROWN GEE & LOVELESS

                                        By: /s/ Bentley J. Tolk
                                        Rodger M. Burge
                                        Terry E. Welch
                                        Bentley J. Tolk

                                        *Attorneys for Defendants Kevin Long and Millcreek Commercial Properties, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2025, I caused to be served a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SHORT FORM DISCOVERY** via the CM/ECF system on all counsel of record:

                                                            */s/ Bentley J. Tolk*