## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Plaintiffs:** | **Affidavit of Service** |
| KATE GRANT, AND KARMANN KASTEN, LLC | Case #:   2:23-cv-00936-AMA-CMR |
| v. | |
| **Defendants:** | |
| KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET | |

Received on **February 05, 2025 at 11:48 am**

I, **Patrick Aragon III,** being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

On **February 06, 2025 at 1:40 pm**, I executed service of a **SUBPOENA TO A BETTER WAY REALTY, LLC FOR THE PRODUCTION OF DOCUMENTS; FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), (E), AND (G) (EFFECTIVE 12/1/13); EXHIBIT A** on **A BETTER WAY REALTY, LLC** at **5975 S. Quebec Street, Suite 275, Centennial, Arapahoe County, CO 80111.**

**By Corporate Service to: JIM FLINT - OWNER**

**Physical Description:**

**Race:** Caucasian   **Sex:** Male   **Age:** 60's   **Height:** 6' 3"   **Weight:** 190 lbs   **Hair:** Balding   **Glasses:** No

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct. Executed on February 6, 2025 at Englewood, CO

*(signature)*

**Patrick Aragon III, Process Server**

---

**Field Sheet Id:** 26908

**Client Reference:**   United States 2:23-cv-00936-AMA-CMR

Page 1 of 1

Process ServerSoftware  Pro

Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Kevin Long and Millcreek Commercial Properties, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT, AND KARMANN KASTEN, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>Defendants. | **SUBPOENA TO A BETTER WAY REALTY, LLC FOR THE PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:23-cv-00936-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

TO:    A Better Way Realty, LLC
        c/o James M. Flint, Registered Agent
        5975 South Quebec St., Ste. 275
        Centennial, CO 80111

Under Rule 45 of the Federal Rules of Civil Procedure, you are hereby commanded to produce the documents, electronically stored information, and objects described in Exhibit "A" hereto, at the at the offices of Parr Brown Gee & Loveless, PC, located at located 101 South 200

East, Suite 700, Salt Lake City, Utah 84111, no later than February 24, 2025. Your production of documents may occur via email to the attorneys listed above.

The following provisions of rule 45 of the Federal Rules of Civil Procedure are attached: the provisions of Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and potential consequences of not doing so.

DATED this 27th day of January, 2025.

                        PARR BROWN GEE & LOVELESS

                        By: /s/ Rodger M. Burge
                             Terry E. Welch
                             Bentley J. Tolk
                             Rodger M. Burge

                             *Attorneys for Defendants Kevin Long, Millcreek Commercial Properties, LLC*

The name, address, e-mail address, and telephone number of the attorneys representing Kevin Long, who issues or requests this subpoena, are Parr Brown Gee & Loveless, P.C., Attn: Rodger M. Burge (rburge@parrbrown.com), 101 South 200 East, Suite 700, Salt Lake City, Utah 84111.

## PROOF OF SERVICE

I received this subpoena for A Better Way Realty, LLC on February ___, 2025.

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on _____; or

☐ I returned the subpoena unexecuted because:_____

_____.

I have also tendered to the witness the fees for one day's attendance, in the amount of $_____.

I declare under penalty of perjury that this information is true:

Date:_____          _____
                                                                    *Server's Signature*

                                      _____
                                                                    *Printed Name and Title*

                                      _____
                                                                    *Server's Address*

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

## DEFINITIONS

1. "DOCUMENT" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, emails, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, flash drives, thumb drives, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voicemail, recordings and any other items of similar nature, including originals and non-identical copies.

2. "COMMUNICATION" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

3. "YOU" shall mean A Better Way Realty, LLC, and its agents, employees, members and managers, including, but not limited to, Chuck Roosevelt.

4. "PROPERTY" means the real property located at 2975 Showplace Drive, Naperville, Illinois 60564.

5. "TIC INTEREST" shall mean the 3.021% tenant-in-common interest in the PROPERTY acquired by KARMANN KASTEN on or about March 3, 2021.

6. "KARMANN KASTEN" shall mean Karmann Kasten, LLC, and its members, managers, and agents.

7. "GRANT" shall mean the plaintiff in this action, Kate Grant.

8. "LONG" means defendant Kevin Long

9. "MILLCREEK" shall mean defendant Millcreek Commercial Properties, LLC.

10. "MILLCREEK DEFENDANTS" shall mean LONG and MILLCREEK.

11. "TAYLOR" shall mean defendant Spencer Taylor.

12. "MCDOUGAL" shall defendant Blake McDougal.

13. "RELEVANT PERIOD" means January 1, 2020 through the present.

## DOCUMENTS TO BE PRODUCED

For the RELEVANT PERIOD, produce the following:

1. All agreements between YOU, on the one hand, and GRANT and/or KARMANN KASTEN, on the other, including, but not limited to, broker or agent agreements.

2. All DOCUMENTS or COMMUNICATIONS regarding the PROPERTY.

3. All DOCUMENTS or COMMUNICATIONS regarding MILLCREEK.

4. All DOCUMENTS or COMMUNICATIONS regarding or with LONG.

5. All COMMUNICATIONS with TAYLOR.

6. All COMMUNICATIONS with MCDOUGAL.

7. All DOCUMENTS or COMMUNICATIONS regarding GRANT or KARMANN KASTEN's purchase of the TIC INTEREST in the PROPERTY.

8. All DOCUMENTS or COMMUNICATIONS evidencing or concerning any compensation to YOU or BETTER WAY in connection with GRANT or BETTER WAY's purchase of the TIC INTEREST in the property.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2025, I caused a true and correct copy of the foregoing **SUBPOENA TO A BETTER WAY REALTY, LLC FOR THE PRODUCTION OF DOCUMENTS** to be served via email on the following:

J. Ryan Mitchell
Christopher A. Langston
Mika Hillery
MITCHELL BARLOW & MANSFIELD, P.C.
rmitchell@mbmlawyers.com
clangston@mbmlawyers.com
mhillery@mbmlawyers.com

Justin T. Toth
Maria E. Windham
Nathan L. Jepson
RAY QUINNEY & NEBEKER P.C.
jtoth@rqn.com
mwindham@rqn.com
njepson@rqn.com

James D. Gilson
Andrew V. Wright
David B. Nielson
DENTONS DURHAM JONES PINEGAR P.C.
james.gilson@dentons.com
andy.wright@dentons.com
david.nielson@dentons.com

Stuart H. Schultz
STRONG & HANNI
sschultz@strongandhanni.com

Stephen K. Christiansen
Randall S. Everett
CHRISTIANSEN LAW, PLLC
steve@skclawfirm.com
randy@skclawfirm.com

/s/  Rodger M. Burge