# EXHIBIT 11

Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
sschultz@strongandhanni.com
*Attorneys for Defendant Mary Street*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KATE GRANT,<br><br>                    Plaintiff,<br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; BRENT SMITH; SPENCER TAYLOR; BLAKE MCDOUGAL; and MARY STREET,<br><br>                    Defendants. | **MARY STREET'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUETS**<br><br>Case No.: 2:23-cv-00936-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Mary Street responds to Plaintiff's Second Set of Discovery requests as follows:

**RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1.** Describe the role Lloyds of London played, if any, in the Millcreek TIC program.

**Response:** Ms. Street has no first-hand information regarding this.

**Interrogatory No. 2.** Describe all bonds issued for the Naperville property and whether a claim was ever made against any such bond.

**Response:** Ms. Street was told there was a "performance bond" to guarantee that the tenant (Advanced Care Medical) would pay rent for the first two years of the lease. When the tenant defaulted, Ms. Street requested a copy of the bond document from Millcreek Commercial and sent what she received to the attorney in Illinois who Ms. Street retained for the Naperville owners and asked her to do what was needed to file a claim with the insurance (bond) company.

**Interrogatory No. 3.** Describe the relationship between Colliers International and Millcreek Commercial and whether Millcreek Commercial had permission to use Colliers International's name and logo in its promotional and marketing materials.

**Response:** Ms. Street has no knowledge regarding this interrogatory other than her belief that Millcreek Commercial sales agents operated out of the Colliers office in Pleasant Grove and that their real estate licenses were affiliated with Colliers.

**Interrogatory No. 4.** Describe the nature of the relationship between Colliers International and each Defendant at the time of the Plaintiffs' investment in the tenancy-in-common program.

**Response:** Ms. Street had no relationship with Colliers International at the time of Plaintiff's investment in the tenancy-in-common program. Ms. Street has no first-hand knowledge of the relationship between Colliers International and any other defendants.

**Interrogatory No. 5.** Identify Millrock Fund 1's total percentage ownership in the Naperville Property and how much Millrock Fund 1 paid for that percentage.

**Response:** Millrock Investment Fund 1, LLC had 0% Ownership in the Naperville property after selling to investors. After the "capital call" to provide tenant improvements for Neuragenex, I was told that Millrock Investment Fund offered to pay the capital call for owners

-2-

who did not want to invest more money provided that those owners would deed back a portion of their ownership to Millrock Investment Fund in exchange. As of July 5, 2024, Millrock Investment Fund's ownership percentage is 15.8977%.

**Interrogatory No. 6.** Before Neuragenex ("NGX") could occupy the Naperville property, some owners agreed to a capital call to purchase equipment for NGX. What equipment did the capital call money purchase, and what happened to the equipment after NGX's bankruptcy proceedings?

**Response:** Ms. Street has no knowledge regarding this.

**Interrogatory No. 7.** Describe the Millcreek TIC program and how it works.

**Response:** Ms. Street objects to the extent this interrogatory is overly broad, vague and ambiguous, seeks information for which she lacks foundation, and calls for speculation. Subject to, and without waiving these objections, Ms. Street indicates that she is not involved with the acquisition and disposition of property by Millcreek. What she knows about the "TIC program" is the following basic understanding of the sales model as it has been described to her: Millrock Investment Fund identifies NN and NNN-leased investments, acquires them as the owner, and markets the properties for re-sale as tenant-in-common properties using Millcreek Commercial as broker.

**Interrogatory No. 8.** Describe each Defendant's individual role as it relates to the Millcreek TIC program.

**Response:** Ms. Street objects to the extent this interrogatory is overly broad, vague and ambiguous, seeks information for which she lacks foundation, and calls for speculation. Subject to, and without waiving these objections, Ms. Street indicates her understanding as

follows: Kevin Long is/was a principal at Millcreek Commercial Properties, LLC; Millcreek Commercial Properties, LLC is/was the acquisition and disposition company for Millrock Investment Fund; Colliers International was the real estate broker where Mr. Long and Millrock agents for a time held their licenses; Brent Smith is/was a principal at Millcreek Commercial Properties, LLC; Spencer Taylor had some affiliation with Millcreek Commercial Properties, LLC, but Ms. Street does not know what his title was; unsure regarding Blake McDougal; Mary Street is a licensed real estate agent at Mountain West Commercial Real Estate and the manager of a Tenant-In-Common administration service called CAMS Realty that operates as a business unit under Mountain West Commercial Real Estate.

**Interrogatory No. 9.**   When Kate Grant requested to sell her TIC interest related to the Naperville property, Brent Smith recommended that she not sell her property. If you were privy to that conversation, describe the rationale and information used to make that recommendation as you understand it.

**Response:**   Ms. Street does not recall being part of this conversation.

## VERIFICATION

I, Mary Street, state under oath or affirmation that I have reviewed the Responses to Plaintiff's Interrogatories, and that the responses to interrogatories are true and correct to the best of my knowledge and belief.

Dated this 8th day of July 2024.

/s/ Mary Street (signed by counsel with client's permission)

_____

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1.** Produce all Communications with or related to Kate Grant or Karmann Kasten, LLC.

**Response:** Ms. Street will produce these documents, some parts or pages of which will be redacted because they involve subject matters not related to the Naperville property at issue in this case. Ms. Street's counsel plans to produce the documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 2.** Produce all documents related to the value of the Naperville property at the time of the interest purchase by Plaintiffs on April 12, 2021.

**Response:** Ms. Street was not involved in this purchase. If such documents are in her possession they will be produced, subject to the redactions of non-relevant documents. Ms. Street's counsel plans to produce any such documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 3.** Produce all documents related to the Naperville property that were available as marketing materials, tenant information, bond information, or other information at the time of Kate Grant's purchase on April 12, 2021.

**Response:** Ms. Street was not involved at the time of the purchase. If such documents are in her possession they will be produced, subject to the redactions of non-relevant documents. Ms. Street's counsel plans to produce any such documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 4.** Produce copies of all financial and accounting records related to the Naperville property and its transactions with tenants Advance Care Medical, Inc. ("ACM"), Healthcare Solutions Holdings Inc. ("HSH"), and NGX, including an accounting of the capital call to purchase equipment for NGX.

**Response:** Ms. Street will produce the financial and accounting documents in her possession some parts or pages of which will be redacted because they involve subject matters not related to the Naperville property at issue in this case. Ms. Street's counsel plans to produce the documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 5.** Produce all Documents and Communications related to tenants ACM, HSH, and NGX, including but not limited to leases, letters of intent, text messages, emails, and voicemails.

**Response:** Ms. Street will produce the documents in her possession some parts or pages of which will be redacted because they involve subject matters not related to the Naperville property at issue in this case. Ms. Street's counsel plans to produce the documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 6.** Produce all Documents and Communications related to the Naperville property.

**Response:** Ms. Street will produce the documents in her possession some parts or pages of which will be redacted because they involve subject matters not related to the Naperville property at issue in this case. Ms. Street's counsel plans to produce the documents on July 10, 2024 to which Plaintiff's counsel has agreed.

**Request No. 7.** Produce any written or oral agreements with Colliers International or any affiliate related to their connection with Millcreek Commercial and the Millcreek TIC program.

**Response:** Ms. Street has no documents responsive to this request.

**Request No. 8.** Produce all Documents used as marketing materials for the Naperville property's TIC program.

**Response:** Ms. Street has no documents responsive to this request.

**Request No. 9.** Produce all Documents and Communications related to any bond associated with the Naperville property and all Documents and Communications related to any claims made against the bond.

**Response:** Any such documents will be included in the documents produced, subject to the redactions of non-relevant documents. Ms. Street's counsel plans to produce the documents on July 10, 2024 to which Plaintiff's counsel has agreed.

DATED this 8th day of July 2024.

STRONG & HANNI

By  /s/ Stuart H. Schultz
    Stuart H. Schultz
    *Attorneys for Defendant Mary Street*